[No. 262-2. Division Two. October 21, 1970.]

ALVIN KIEMELE, JR., *et al., Appellants,* v. DELL RAYMOND BRYAN *et al., Respondents.*

*Weber & Dunn* and *Kenneth W. Weber,* for appellants.

*Read & Church* and *J. M. Witteman,* for respondents.

PEARSON, J.—Alvin Kiemele, Jr., 9 years of age, received personal injuries on October 5, 1967, when, as a pedestrian, he was struck by the defendant's automobile on a roadway near his home. From a judgment entered on an adverse jury verdict, plaintiffs appeal.

Andresen Road in Clark County (where the accident occurred) is a very narrow, 2-lane road in a residential area. Traffic moves in both directions. The accident occurred at 3:30 p.m., shortly after Peter Ogden Elementary School had let out. The school is situated a short distance south of the accident scene. The traffic sign warning of the presence of the school is approximately 340 feet to the south of where Alvin was struck as he started crossing the roadway from the west to his home, located on the east side of Andresen Road. No sidewalks or crosswalks were provided in this area. The posted speed limit was 25 miles per hour.

The defendant, Dell Bryan, had turned onto Andresen Road approximately 1,000 feet to the north of where the accident occurred. He was completely familiar with the roadway, the highway warning signs, and the location of the school. At the time he entered Andresen, he noticed the two youngsters standing on the shoulder of the roadway on the westerly side. One of the boys was facing in a northerly direction, while the Kiemele boy's back was toward him. He maintained a speed of 25 miles per hour constantly until the time he came abreast of the children, whereupon the plaintiff suddenly moved onto the roadway immediately into his path.[1] He did not sound his horn as he approached the boys, nor did he apparently swerve his vehicle in an attempt to avoid the accident.

---

[1] The testimony was in conflict as to whether plaintiff walked or ran onto the roadway.

The plaintiff's complaint alleged among other things that defendant was negligent "by operating a motor vehicle at an excessive speed under the circumstances then prevailing." The defendant claimed contributory negligence as a defense.

The trial court gave a general negligence instruction (Washington Pattern Jury Instructions, 6 Wash. Prac. 10.01 at 63 (1967)) and the pattern instruction pertaining to contributory negligence of a child (WPI 67 (1967)).

The only specific instruction given pertaining to the statutory duties of both parties was the court's instruction No. 9, which provided:

> A statute provides that every pedestrian crossing a roadway at any point other than within a marked crosswalk shall yield the right of way to all vehicles upon the roadway.

> The statute further provides that notwithstanding the foregoing provision, every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway and shall give warning by sounding the horn when necessary and shall exercise *proper precaution* upon observing any child or any obviously confused person upon a roadway.[2]

(Italics ours.)

The jury was instructed that violations of a statutory duty constituted negligence or contributory negligence as a matter of law.

The trial court refused to give either of two instructions requested by plaintiff pertaining to speed. The failure to give one or both of the following instructions is assigned as error:

> A statute provides that no person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing and he shall so control his speed as may be necessary to avoid colliding with others who are complying with the law and using reasonable care.

---

[2]This instruction was taken from RCW 46.61.240 and RCW 46.61.245 and is not challenged for its content.

The statute further provides that a driver shall drive at an appropriate reduced speed when traveling upon any narrow roadway, or when special hazard exists with respect to pedestrians, or by reason of weather or highway conditions.

The maximum statutory speed limit at the place here involved was 25 miles per hour.[3]

(Proposed instruction No. 7)

A statute provides that compliance with speed requirements shall not relieve the operator of any vehicle from the further exercise of due care and caution as further circumstances shall require.[4]

(Proposed instruction No. 8)

Plaintiffs urge that the failure to give one or both of these speed instructions deprived them of having one of their theories of negligence presented to the jury. Defendants, on the other hand, urge that the court's instruction No. 9 adequately permitted the speed issue to be argued to the jury, inasmuch as the duty to "exercise proper precaution upon observing any child . . . upon a roadway." carried with it implicitly the duty to reduce the speed when a child is observed in the vicinity of a roadway.

It is our view that plaintiff's theory of excessive speed under the circumstance was not adequately presented to the jury by the court's instruction No. 9 or by the general negligence instruction.

■ Each party in a jury trial is entitled to have his theory or theories of the case presented to the jury by proper instructions where there is evidence to support them. This right is not affected by the fact that the law was covered in a general way by the instructions given. *Dabroe v. Rhodes Co.*, 64 Wn.2d 431, 392 P.2d 317 (1964) and cases cited at page 435; *Naranen v. Harders*, 1 Wn. App. 1014, 466 P.2d 521 (1970). This case, we think, presents a typical case of the prejudice which can occur when this rule is not followed.

---

[3]This proposed instruction is based upon WPI 261 (1967) and RCW 46.61.400 with the special conditions limited to those substantiated by the evidence.

[4]This instruction is based upon RCW 46.61.445.

Plaintiff's theory was that even though the jury might believe that defendant was not exceeding the speed limit,[5] the *statute* placed upon defendant the duty of driving below the maximum allowable speed under the particular circumstances of this case. With such an instruction, plaintiff could argue that defendant was negligent *as a matter of law* in not slowing as he approached the place where the children were standing. Instead, plaintiff was relegated to arguing speed in terms of the general duty to *exercise due care* or to take *proper precautions.*

The prejudice becomes apparent when we consider defendant's posture under the instructions given by the trial court. Without the requested speed instruction, defendant could advance the persuasive argument that nowhere had the jury been instructed that a driver in defendant's position was negligent if he stayed within the speed limit. He could also contend in argument that reducing speed was not implicitly covered by the phrase "proper precautions" since there was no testimony that the plaintiff was *upon the roadway* as defendant approached.

The evidence clearly supported the offered instruction. If there is ever a "special hazard . . . with respect to pedestrians" in which a driver is, by RCW 46.61.400, directed to drive at an "appropriate reduced speed," it is the present case, where a 9-year-old child is standing in close proximity to a narrow, wet roadway, with his back to approaching traffic. It was in our view prejudicial error to refuse to give plaintiff's proposed instruction No. 7. *Dabroe v. Rhodes, supra.* We think on retrial it should not be necessary also to give plaintiff's requested instruction No. 8, since the substance of that instruction is included in the first paragraph of requested instruction No. 7.

Defendants also contend that the speed issue was presented to the jury by the court's statement-of-the-case instruction, which outlined plaintiff's claim of speed. We do

---

[5]Defendant's testimony of a 25 miles per hour speed was corroborated by a witness driving immediately behind him, which made such a finding likely. The record also shows, however, that defendant related a 35 miles per hour speed to the investigating officer.

not agree that stating a claim of negligence generally satisfies the obligation of instructing the jury on the specific theory of the case. *See Naranen v. Harders, supra.* Such a statement does no more than outline the claims to permit the jury to understand the issues more easily. It does not delineate the legal duty of a party which is the primary purpose of theory instructions.

Judgment is reversed and plaintiff is granted a new trial. Costs on appeal will abide the outcome of such a new trial.

ARMSTRONG, C. J., and PETRIE, J., concur.