[No. 621-3.  Division Three.  April 25, 1973.]

DORIS LEWIS, *Respondent,* v. NAOMI E. HARRIS et al., *Appellants.*

*Richard C. Smith* (of *Smith, Scott & Hanson*), for appellants.

*Walter B. Dauber* (of *Tonkoff, Dauber & Shaw*), for respondent.

GREEN, C.J.—Plaintiff brought this action against the defendants to recover damages for personal injuries resulting from an automobile collision. The court granted summary judgment in favor of the plaintiff on the issue of liability and a jury trial was held to determine damages. Defendant appeals.

Errors are assigned to (1) the failure to give certain proposed instructions, (2) the failure to grant a mistrial because one juror had been involved in an accident similar to that of plaintiff, and (3) the denial of a motion for new trial because the verdict was excessive.

Defendant contends the trial court erred in refusing to give proposed WPI 30.17 as follows:

> If you find that before this occurrence the plaintiff had a pre-existing bodily condition *which was causing pain or disability,* and further find that because of this occurrence that that condition or the pain or the disability was aggravated, then, . . . plaintiff is entitled to recover for the aggravation of the condition or for the pain or disability proximately due to such aggravation, but is not entitled to recover for any physical ailment or disability which may have existed prior to the occurrence or for any from which plaintiff may now be suffering which was not caused or contributed to by reason of the occurrence.

(Italics ours.) The court did give WPI 30.18:

> If you find that before this occurrence the plaintiff had a pre-existing bodily condition *which was not causing pain or disability,* and further find that because of this occurrence that condition was lighted up and made active

or that the condition made plaintiff more subject to injury than a person in normal health, then, plaintiff is entitled to recover for the lighting up of the condition and for all injuries and damages which were proximately caused by the occurrence, even though those injuries, due to that condition, may have been greater than those which would have been suffered by a normal person under the same circumstances. There may be no recovery, however, for any results which would have normally followed from the pre-existing condition had there been no accident.

(Italics ours.) Evidence was presented that in 1963 plaintiff fell from a ladder while picking pears and twisted her back. Her injury was diagnosed as a mild compression of the first lumbar vertebra. She was hospitalized for about two weeks, wore a back brace for about a year, and returned to work approximately two years after the fall. Testimony was also presented that plaintiff was born with a congenital defect in her back in the area of the fifth lumbar and first sacral vertebrae.

One of the plaintiff's doctors testified that the plaintiff was partially disabled before the accident. On direct examination, Dr. Stevenson said:

[S]he was probably 35 percent functionally disabled for doing all activities because of the symptoms and findings in the low back. And I felt that since this was an aggravation of her pre-existing condition that it was not unreasonable to say that she was 25 percent functionally disabled as a result of the accident. Now that is for doing all activities in a 24 hour period for a woman of her age, of the activities that she would normally do.

He also stated that it was a reasonable assumption, considering the compression fracture and pedicle defects, that plaintiff in all probability had difficulty with her back in the past. Additionally, he said that it is probable she would have had difficulty with her back irrespective of the accident and that it is usual to have symptoms of pain or disability in connection with her preexisting condition.

WPI 30.17 is used if the preexisting condition was causing pain or disability. WPI 30.18 is proper if the preex-

844

isting condition was merely an infirmity which was not causing pain or disability. Notwithstanding plaintiff's denial of any preexisting pain or disability, there is sufficient evidence in the record to create an issue with respect to it. Therefore, WPI 30.17 should have been given along with WPI 30.18. *See* 6 Wash. Prac. 164-65 (1967). Each party is entitled to have his theory of the case presented to the jury for consideration. Failure to do so constitutes reversible error. *See Meabon v. State*, 1 Wn. App. 824, 463 P.2d 789 (1970); *Kiemele v. Bryan*, 3 Wn. App. 449, 476 P.2d 141 (1970); *Cresap v. Pacific Inland Navigation Co.*, 2 Wn. App. 548, 469 P.2d 950 (1970).

In view of our holding, it is unnecessary to consider the remaining assignments of error.

Judgment is reversed and the case remanded for new trial.

MUNSON and McINTURFF, JJ., concur.