[No. 11362–3–I.   Division One.   April 1, 1985.]

HARRIET J. MEREDITH, *Individually and as Guardian ad Litem,* ET AL, *Appellants,* v. GLENNA M. HANSON, ET AL, *Respondents.*

*Shafer, Moen, Millard & Aebig* and *Lawrence L. Shafer,* for appellants.

*Murray, Dunham & Waitt* and *Wayne Murray, Jr.,* for respondents.

RINGOLD, J.—Ronald and Donald Meredith sued Glenna Hanson seeking damages for emotional distress caused by witnessing Hanson's car strike and kill their stepfather. The brothers appeal the verdict in their favor for $2,600 each. They argue it was error to subtract 50 percent from the verdict because of their stepfather's contributory negligence, and that evidence of their stepfather's criminal history was improperly admitted. The plaintiffs also argue that the trial court erred by failing to give an instruction on their theory of the case. We conclude the trial court erred and remand.

On July 29, 1978, the two brothers, then 10 years old, their mother, Harriet Meredith, and their stepfather, Michael Meredith, were traveling east on Highway 18 in a truck and trailer combination when they ran out of gas going up a hill. Attempting to back down the hill, Michael jackknifed the truck and trailer, blocking one and a portion of another eastbound lane. As Michael stood by the side of the truck he was struck and killed by Hanson's car. Both brothers saw the accident.

The plaintiffs and their mother brought an action for wrongful death and negligent or reckless infliction of emotional distress. Prior to trial Harriet's action was settled. The brothers' wrongful death claim was dismissed upon a motion for summary judgment, because they are not Michael's natural or adopted children. The only issue at trial was the plaintiffs' claim of negligent infliction of emotional distress.

Michael was an escaped convict when he met and married Harriet. At the time, her children were 4 years old, and her sons did not know that their stepfather had a criminal history. The plaintiffs made a pretrial motion to strike Hanson's defense of contributory negligence and for a motion in limine to prevent evidence of their stepfather's criminal history being introduced. The trial court denied both motions.

## STEPFATHER'S CRIMINAL HISTORY

The plaintiffs contend that Michael's criminal history would only be relevant in a wrongful death action. They argue it has no relevance to the issue of whether the brothers suffered emotional distress from seeing their stepfather die, because they did not know he had a criminal record. Hanson responds that Michael's criminal history was relevant to show his character.

The Washington Rules of Evidence provide in part:

"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

ER 401.

All relevant evidence is admissible, except as limited by constitutional requirements or as otherwise provided by statute, by these rules, or by other rules or regulations applicable in the courts of this state. Evidence which is not relevant is not admissible.

ER 402. The relevancy of evidence is within the trial court's discretion. *Lamborn v. Phillips Pac. Chem. Co.*, 89 Wn.2d 701, 575 P.2d 215 (1978).

■ The trial court admitted evidence of Michael's criminal record because the court concluded that his character was at issue. The trial court based its decision in part on cases which allowed evidence of a decedent's criminal record in wrongful death actions. In the present case, however, Michael's character is not relevant. What is relevant is the relationship that he had with his stepchildren and how they perceived him.

Some of the evidence presented by the plaintiffs tended to show Michael had a good character, but that was incidental to describing the relationship between him and the brothers. Refutation of his good character with his prior criminal history was not relevant to the case, because it did not relate to how the brothers perceived their stepfather. They were unaware of his history, and it could not be relevant to the emotional distress experienced by observing

their stepfather's death. The nature of the parent–child relationship as it affected the impact of witnessing a parent's death was the essential question.

The trial court, therefore, had no tenable grounds or reasons to admit the evidence, and denial of the motion in limine was an abuse of discretion. *See State v. Rook,* 10 Wn. App. 484, 519 P.2d 252 (1974).

## PARENT'S CONTRIBUTORY NEGLIGENCE

█ If the present action was a survival action or for wrongful death, the contributory negligence of the decedent would be at issue. *Griffin v. Gehret,* 17 Wn. App. 546, 564 P.2d 332 (1977). It is neither. The case at bench concerns the emotional distress suffered by the plaintiffs due to Hanson's negligence. It makes no difference whether Michael was negligent so long as his negligence was not the sole proximate cause of the accident. The plaintiffs do not seek compensation for Michael's death. Michael's negligence should not have been imputed to the children. *Vioen v. Cluff,* 69 Wn.2d 306, 418 P.2d 430 (1966); *accord, Ohler v. Tacoma Gen. Hosp.,* 92 Wn.2d 507, 512, 598 P.2d 1358 (1979). It was error, therefore, for the court to instruct the jury concerning Michael and Harriet Meredith's negligence and to reduce the verdict by Michael's contributory negligence.

## THEORY OF THE CASE

The plaintiffs contend that the trial court erred in failing to give the following instruction based on WPI 20.01:

The plaintiffs claim that the defendant was negligent in one or more of the following respects:

1. Driving an automobile while under the influence of intoxicating liquors:

2. Exceeding the speed limit;

3. Failure to keep her automobile under control;

4. Driving in a manner that was unsafe for the conditions;

5. Failure to keep a proper lookout at the highway ahead.

The plaintiffs claim that the defendant's conduct was a

proximate cause of the emotional harm to the plaintiffs. The defendant denies these claims.

■ Each party is entitled to have the trial court instruct on its theory of the case. *Egede–Nissen v. Crystal Mt., Inc.*, 93 Wn.2d 127, 606 P.2d 1214 (1980). "This right is not affected by the fact that the law was covered in a general way by the instructions given." *Kiemele v. Bryan*, 3 Wn. App. 449, 452, 476 P.2d 141 (1970); *Dabroe v. Rhodes Co.*, 64 Wn.2d 431, 435, 392 P.2d 317 (1964). Merely stating that there is a claim of negligence, as was done in the present case,[1] does not satisfy the obligation of instructing the jury on the specific theory of the case. *Kiemele*, at 454. Under these circumstances, it was error for the trial court not to offer the instruction. *See Kiemele.*

We reverse and remand for a new trial.

CORBETT, C.J., and WEBSTER, J., concur.

---

[1]The court instructed the jury: "The plaintiff in the case at bar is Harriet J. Meredith as the Guardian ad Litem of her two minor children, Ronald Duane Meredith and Donald Wayne Meredith.

"The plaintiff claims and has the burden of proof that the negligence of Glenna Hanson was a proximate cause of the negligent infliction of emotional injury to the children as a result of witnessing the death of Mr. Meredith. The defendant denies these claims.

"The defendant also claims and has the burden of proof as an affirmative defense, that Michael Meredith was negligent in one or more respects.

"Plaintiff has the burden of proving any injury and damage to the minor children. The defendant further denies the nature and extent of the minors claimed injuries and damages."