WILLIAM F. LEMNA, Plaintiff-Appellee, v. HARRY F. SHEA & COMPANY *et al.*, Defendants-Appellants.

First District (5th Division)   No. 1—92—3169

Opinion filed December 3, 1993.

Williams & Montgomery, Ltd., of Chicago (James K. Horstman, Barry L. Kroll, C. Barry Montgomery, and Lloyd E. Williams, Jr., of counsel), for appellants.

Stephen P. Bedell and Kenneth M. Sullivan, both of Gardner, Carton & Douglas, of Chicago, for appellee.

JUSTICE MURRAY delivered the opinion of the court:

Defendants Harry F. Shea & Company, Richard E. Shea and Richard M. Shea (the Sheas) appeal from the circuit court's confirmation of an arbitration award entered against them and in favor of plaintiff, William F. Lemna (Lemna). The facts of the case are as follows.

In October 1987 the Sheas entered into an agreement with Lemna to purchase his accounting practice. According to the agreement, the Sheas paid an initial amount in cash and signed a secured promissory note for the remainder. In November 1988 a dispute arose when the Sheas defaulted on the secured promissory note.

The purchase agreement provided that any controversy or claim arising out of or related to the agreement or any breach was to be resolved through arbitration in accordance with the rules of the American Arbitration Association, that any award would be accompanied by a written opinion giving the reasons for the award,

and that the judgment rendered by the arbitrators would be final and conclusive. In December 1991 Lemna filed a demand for arbitration and thereafter an arbitration hearing was held before a panel of three arbitrators. Both parties were represented by counsel.

In February 1992 the arbitrators rendered their opinion, unanimously awarding Lemna the sum of $200,000 and the retention of the accounting practice. On March 13, 1992, the Sheas filed a motion with the arbitrators to correct and modify the award, raising a number of alleged errors and omissions in the calculation of the monetary award to Lemna. The arbitrators denied the petition and reaffirmed their earlier award.

Lemna filed a verified application for the confirmation of the arbitration award in the circuit court of Cook County pursuant to section 11 of the Uniform Arbitration Act (Act) (Ill. Rev. Stat. 1991, ch. 10, par. 111; 710 ILCS 5/11 (West 1992)). The Sheas answered the application, but also filed a motion with the circuit court to correct and modify the award pursuant to section 13(a)(1) of the Act (Ill. Rev. Stat. 1991, ch. 10, par. 113(a)(1); 710 ILCS 5/13(a)(1) (West 1992)), raising the identical issues raised before the arbitrators. Lemna countered by filing a motion to confirm the award and enter judgment in his favor.

On July 21, 1992, a hearing was held in the circuit court on the cross-motions concerning the arbitration award. Both sides presented argument on their respective positions. The circuit court denied the Sheas' motion and granted Lemna's motion, affirming the arbitration award and entering judgment in Lemna's favor in the amount of $200,000 and awarding Lemna the retention of the accounting practice.

On August 21, 1992, the Sheas filed a motion for reconsideration in the circuit court. Lemna moved to strike the Sheas' motion on the grounds that the circuit court was without jurisdiction to hear it because the Sheas had filed the motion 31 days after judgment was entered. The circuit court denied the motion to strike, but also denied the motion for reconsideration. The Sheas then filed the present appeal with this court. In their appeal, the Sheas ask this court to correct the confirmed award in accordance with certain proffered evidence or to remand to the circuit court with instructions for them to direct the arbitrators to recalculate the damages awarded to Lemna.

Before addressing the issues raised by the Sheas in their appeal, we must first address the challenge to this court's jurisdiction raised by Lemna. Lemna contends that because the Sheas' motion for reconsideration was filed more than 30 days from the date the judgment order was entered, the post-trial motion was not timely

and, therefore, pursuant to Supreme Court Rule 303 (134 Ill. 2d R. 303), the time for taking an appeal was not extended. Lemna further concludes that the present appeal, although filed within 30 days of the circuit court's ruling on the motion to reconsider, was untimely brought and that this court lacks jurisdiction to entertain the appeal.

Although Lemna is correct in his assertion that the time for filing an appeal is not extended by the filing of an untimely post-judgment motion (*Archer Daniels Midland Co. v. Barth* (1984), 103 Ill. 2d 536, 470 N.E.2d 290; *In re Application of County Treasurer & Ex-Officio County Collector of Cook County for Judgment & Order of Sale Against Real Estate Returned Delinquent for the Nonpayment of General Taxes for 1984* (1990), 208 Ill. App. 3d 561, 567 N.E.2d 486), under the circumstances of this case, we find that we have jurisdiction over this appeal.

■ As noted by the Sheas in their response brief, the lower court already heard argument on the issue of the timeliness of the post-judgment motion. At that time the Sheas presented the affidavit of the clerk of the court, stating that their motion for reconsideration was presented for filing 30 days after the date that judgment was entered, but that the motion was not accepted because it was not accompanied by the appropriate filing fee.

Because it has been held that it is not mandatory for the filing fee to be paid at the time the motion is filed and that a motion should be accepted on the date tendered even though the fee does not accompany the motion (*Hanks v. Floyd* (1977), 51 Ill. App. 3d 1048, 367 N.E.2d 483), the trial court considered the motion for reconsideration to be timely filed and exercised jurisdiction over the post-trial motion. We believe that the trial court acted properly in considering the post-trial motion and, consequently, we find this appeal, taken within 30 days of the circuit court's ruling on the post-judgment motion, was also timely.

We now turn our attention to the issues raised by the Sheas. The Sheas allege that: (1) the circuit court erred by disregarding competent, uncontradicted testimony which showed that the arbitration award was incorrect; (2) the circuit court erred by failing to correct the arbitrators' mistaken description of funds in the bank account of the accounting practice; and (3) the circuit court failed to correct the miscalculation of the out-of-pocket loss suffered by the defendants. The Sheas contend that these errors or mistakes are apparent on the face of the award and that they should have been corrected by the circuit court pursuant to section 13 of the Act. (Ill. Rev. Stat. 1991, ch. 10, par. 113; 710 ILCS 5/13 (West 1992).) We must disagree.

Initially, we note that the Sheas did not move to have the arbitration award vacated pursuant to section 12 of the Act. (Ill. Rev. Stat. 1991, ch. 10, par. 112; 710 ILCS 5/12 (West 1992).) Thus, they do not claim that the award was procured by corruption, fraud or undue means or that the arbitrators exceeded their power, lacked neutrality or behaved improperly. The Sheas moved to correct and modify the award under section 13 of the Act.

■ Section 13 of the Uniform Arbitration Act states in pertinent part:

"(a) Upon application made within 90 days after delivery of a copy of the award to the applicant, the court shall modify or correct the award where:

(1) There was an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award;

(2) The arbitrators have awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted; or

(3) The award is imperfect in a matter of form, not affecting the merits of the controversy." (Ill. Rev. Stat. 1991, ch. 10, par. 113; 710 ILCS 5/13 (West 1992).)

Pursuant to section 13(b) of the Act, the only relief available under this section is to have the court confirm the award after it is modified and corrected, giving effect to the arbitrators' intent, or to confirm the award as originally made. The issue here is whether the trial court erred in failing to modify the award as requested by the defendants.

■ In general, judicial review of arbitration awards is quite limited and, whenever possible, a court must construe an award so as to uphold its validity. (*Garver v. Ferguson* (1979), 76 Ill. 2d 1, 389 N.E.2d 1181.) Courts may clarify an award, but not alter it, if to do so would affect the merits of the controversy. (*Kalish v. Illinois Education Association* (1988), 166 Ill. App. 3d 406, 519 N.E.2d 1031.) A claim that the arbitrators grossly abused their discretion is not grounds for modifying an arbitration award under section 13. (*Konicki v. Oak Brook Racquet Club, Inc.* (1982), 110 Ill. App. 3d 217, 441 N.E.2d 1333.) In fact, gross errors of judgment in law or gross mistakes of fact will not vitiate an award, unless the mistake or error appears on the face of the award. *Rauh v. Rockford Products Corp.* (1991), 143 Ill. 2d 377, 574 N.E.2d 636.

■ In the present case all of the alleged errors or mistakes in the arbitration award granted to Lemna are not claims of error in mathematical computations or description which appear on the face of the

award. Rather, the Sheas disagree with the arbitrators' consideration and interpretation of the evidence, the manner in which they allocated various accounts, funds and expenses, and their ultimate assessment of damages. These alleged errors, if indeed they are errors or oversights at all, are at worst gross mistakes in fact. To alter these matters would interfere with the arbitrators' resolution of the merits of the controversy. Thus, they are not reviewable by the courts.

Despite the Sheas' valiant attempt to classify the alleged errors as "miscalculations," they simply are not. In their first issue the Sheas contend that the arbitrators disregarded or failed to consider the fact that Shea, although entitled to do so, withdrew none of the accounting practice's income for the fiscal year 1988 and the arbitrators only allowed a setoff based upon the income produced by the accounting practice during the fiscal years 1989-91. The Sheas contend that they should have been entitled to a setoff for the work in process and accounts receivable left at the end of 1988, amounting to $110,000.

However, neither the arbitrators' award nor the written opinion that explains the arbitrators' analysis of the evidence contains a mathematical computation or specific accounting to indicate the manner in which they arrived at the $200,000 award in Lemna's favor. Rather, the written opinion merely sets forth the evidence that was considered and specifically mentions only three monetary figures that were considered in arriving at their ultimate award. We are unable to "plug in" the allegedly omitted 1988 income into any computation and if this court were to make this figure part of the unknown equation utilized by the arbitrators to arrive at their ultimate award to Lemna, we would be interfering with the arbitrators' duty and their exercise of discretion in fashioning an equitable award.

In their second issue the Sheas note that the arbitrators, in their written opinion, refer to the defendants' withdrawal of $44,000 from the accounting company's bank account in December 1988 and show this as a liability to the firm. Defendants do not deny that the money was withdrawn, but contend instead that the arbitrators improperly described this as a liability since the "uncontradicted evidence of record" showed this to be the property of the defendants to which Lemna had no legitimate claim.

Once again, however, we are not dealing with a misdescription of a piece of property, which, if corrected by the courts, would bring the arbitration award back in compliance with the intent of the arbitrators' actual findings. The issue raised by defendants is a basic disagreement with the arbitrators' interpretation of the evidence. This we may not change.

Finally, in issue three, defendants contend that the arbitrators failed to properly account for the out-of-pocket losses they suffered in connection with the purchase of the accounting practice and that Lemna was unjustly enriched by being given duplicative remedies. This, the Sheas contend, is a gross deviation from Illinois law.

As stated earlier, however, even gross errors in law and gross mistakes of fact are not correctable by courts on review. Courts are limited in their ability to modify and correct arbitration awards. Courts may only correct those errors that are evident on the face of the award and the corrections may not alter the merits of the award as determined by the arbitrators.

■ Lastly, we feel compelled to address the attacks the parties make against each other in their briefs. Lemna charged that the appeal was a delay tactic on the part of the Sheas and the Sheas commented against Lemna that "no one fights dirty when he can win cleanly."

We find nothing in the record to justify the charges made by Lemna or the comments made by the Sheas, and we find nothing in the record to suggest that either Lemna or the Sheas played dirty in either the arbitration or the proceedings before the courts. Accordingly, we do not find sanctions appropriate in this matter.

The record requires that we affirm the trial court's action in confirming the arbitration award as it was originally made.

Affirmed.

GORDON, P.J., and COUSINS, J., concur.