VIRGINIA CRUZ, Plaintiff-Appellee, v. NORTHWESTERN CHRYSLER PLYMOUTH SALES, INC., *et al.*, Defendants-Appellants.

First District (2nd Division)   No. 1—95—2636

Opinion filed December 10, 1996.

Sanchez & Daniels, of Chicago (Timothy V. Hoffman and John J. Skawski, of counsel), for appellants Chrysler Corporation and Chrysler Credit Corporation.

James J. Roche & Associates, of Chicago (James J. Roche and Monica M. Tynan, of counsel), for appellant Northwestern Chrysler Plymouth Sales, Inc.

Rhonda L. Walker, of Chicago, for appellee.

JUSTICE McNULTY delivered the opinion of the court:

Plaintiff, Virginia Cruz, filed a complaint with multiple counts against Northwestern Chrysler Plymouth Sales (Northwestern), Chrysler Credit Corporation (CCC), and Chrysler Corporation (Chrysler). The court ordered the parties to arbitrate pursuant to Supreme Court Rule 86 (155 Ill. 2d R. 86). The arbitrators awarded a sum to plaintiff without indicating the count or counts on which they based the award. The trial court entered judgment on the award and then awarded plaintiff attorney fees. We reverse because the award does not support an inference that the arbitrators based the award on a statute that authorizes an award of fees to a successful litigant. We do not remand to the arbitrators for clarification of the award because supreme court rules do not permit either the litigants or the court to resubmit an award to arbitrators for clarification or any other purpose.

Plaintiff bought a car from Northwestern in April 1988. She made a downpayment and she agreed to pay monthly installments for five years. Chrysler provided limited warranties for the car. Northwestern assigned its rights under the sales contract to CCC.

Plaintiff returned the car to Northwestern in November 1988. CCC resold the car, but the resale price did not cover the unpaid balance of the sales contract. In August 1989 CCC sued plaintiff for the deficiency. While that case was pending, plaintiff filed a separate suit

charging defendants with breaches of warranty in violation of the Magnuson-Moss Warranty Act (15 U.S.C. § 2301 *et seq.* (1982)) and the Uniform Commercial Code (UCC) (Ill. Rev. Stat. 1987, ch. 26, par. 2—314), and with violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (Consumer Fraud Act) (Ill. Rev. Stat. 1987, ch. 121$^{1}$/$_{2}$, par. 261 *et seq.*). She also sought in a separate count a full refund based on her theory that she properly revoked her acceptance of the car. See Ill. Rev. Stat. 1987, ch. 26, par. 2—608. She sought attorney fees as well as compensation in the counts charging violations of the Magnuson-Moss Warranty Act and the Consumer Fraud Act; she did not seek attorney fees in the counts brought under the UCC.

Plaintiff's attorney, Rhonda Walker, drew the arbitrators' attention to her requests for fees for several of the counts. At the close of the hearing, Walker told the arbitrators she would not present a fee petition to them based on her understanding that her client needed to prevail before she could present the fee petition. She said that, if plaintiff prevailed in arbitration, she would seek judgment on the award and she would present her fee petition to the court.

The arbitrators awarded plaintiff $3,361 against all three defendants. None of the parties filed a rejection of the award pursuant to Supreme Court Rule 93 (145 Ill. 2d R. 93). The trial court entered judgment on the award. See 155 Ill. 2d R. 92(c). Walker then filed her detailed petition for fees, showing a total of almost 90 hours of attorney's work on the case. She sought compensation of $150 per hour for her work, and she asked the court to multiply the fee by a factor of 1.33 based on the risk she took of recovering no fees at all from her contingent fee agreement.

The trial court found all of the time necessary and agreed to the suggested multiplier. The court also awarded Cruz her costs, for a total award of $19,079.28 in fees and costs. In response to defendants' argument that the arbitrators' order did not specify whether they based the award on counts which permitted fee awards, the court said:

> "Nothing was entered in favor of the commercial litigants in this case. And I think that I can conclude from that, that the relative merits of the position are such that Virginia Cruz is entitled to the relief that I've ordered."

On appeal defendants contend that the arbitration award cannot support an award of attorney fees. Illinois courts will not order one party to pay attorney fees for another party unless a statute or the parties' contract authorizes the fee shifting. *Baksinski v. Northwestern University*, 231 Ill. App. 3d 7, 12, 595 N.E.2d 1106

(1992). Where statutes authorize fees for some of a party's claims but not for other claims, the court should award fees only for work necessary for the claim for which the statute authorizes fees. *Rubin v. Marshall Field & Co.*, 232 Ill. App. 3d 522, 534, 597 N.E.2d 688 (1992).

Here the Consumer Fraud Act and the Magnuson-Moss Warranty Act authorize fee awards for most of the counts of the complaint. However, plaintiff also sought to recover under the UCC on theories of revocation of acceptance and breach of warranty. The UCC does not authorize fee awards. See *Rubin*, 232 Ill. App. 3d at 534. Any individual count of the complaint could support the arbitrators' entire award. If the arbitrators based the award, at least in part, on the claims under the Consumer Fraud Act or the Magnuson-Moss Warranty Act, plaintiff is entitled to recover at least part of her attorney fees. If the arbitrators based the award entirely on the counts brought under the UCC, plaintiff is not entitled to recover any attorney fees.

The arbitrators gave no indication of the specific counts on which they based the award. Arbitrators need not state any reasons for their awards (*Pillott v. Allstate Insurance Co.*, 48 Ill. App. 3d 1043, 1047, 363 N.E.2d 460 (1977)), and the lack of specific findings for each claim has no effect on the validity of the award (*Horwitz, Schakner & Associates, Inc. v. Schakner*, 252 Ill. App. 3d 879, 884, 625 N.E.2d 670 (1993)).

The trial court here decided that because the arbitrators did not state that they resolved any claim in defendants' favor, they implicitly found in plaintiff's favor on the Consumer Fraud Act claim. The award itself makes no specific findings on consumer fraud. The court's interpretation effectively modifies the award. Supreme Court Rule 92(d) establishes the court's authority to correct an "obvious and unambiguous error in *** language" in the award. 155 Ill. 2d R. 92(d). However, the "court cannot modify an award where the modification will affect the substantive rights of the parties." *Wilcox Co. v. Bouramas*, 73 Ill. App. 3d 1046, 1050, 392 N.E.2d 198 (1979). Although the court's modification did not affect the arbitrators' decision on the merits of the issues presented for arbitration (see *Lemna v. Harry F. Shea & Co.*, 256 Ill. App. 3d 916, 920-21, 628 N.E.2d 577 (1993)), the modification affects the parties' substantive rights to fees. The award here shows no unambiguous error, and plaintiff may have presented evidence from which the arbitrators could have found that her revocation of acceptance alone required their award. We find no justification for the trial court's inference that the arbitrators implicitly found in favor of plaintiff on her Consumer Fraud Act claim.

In proceedings under the Uniform Arbitration Act (710 ILCS 5/1 *et seq.* (West 1994)), the court has the power to resubmit an award to the arbitrators for clarification if the "award is imperfect in a matter of form, not affecting the merits of the controversy." 710 ILCS 5/13(a)(3), 9 (West 1994). These rules do not apply to court-annexed arbitration like the arbitration in this case. 735 ILCS 5/2—1006A (West 1994). For this arbitration, the rules do not authorize any resubmission to the arbitrators, even for clarification of an ambiguous award. Rule 92(d) authorizes only the court, and not the arbitrators, to correct the award. 155 Ill. 2d R. 92(d). One of the judges who helped draft the rules commented:

> "Where the award discloses an obvious and unambiguous error in mathematics or language, a court, upon application by a party, may make a correction. This is the sole remedy for a claimed error in the arbitration proceeding. \*\*\* Rejection of the award is the sole intended remedy from an award. \*\*\* The enabling act expressly provides that the provisions of the Uniform Arbitration Act shall not apply to court-annexed mandatory arbitration proceedings." J. Lerner, *Mandatory Arbitration: Welcome to Illinois*, 76 Ill. B.J. 418, 426 (1988).

These comments by an author of the rules carry special weight for our interpretation of the rules. See *Department of Central Management Services v. Illinois State Labor Relations Board*, 249 Ill. App. 3d 740, 746, 619 N.E.2d 239 (1993).

Courts in other states have resubmitted awards to arbitrators for clarification of fee-related issues, but those courts have had statutory authorization for resubmission. *E.g.*, *Hilltop Construction, Inc. v. Lou Park Apartments*, 324 N.W.2d 236, 240 (Minn. 1982). We hold that the rules governing court-annexed arbitration here, particularly in view of the statutory exemption from Uniform Arbitration Act rules, preclude the court from resubmitting the award to the arbitrators for clarification. If an award does not include an "obvious and unambiguous error" subject to correction by the court under Rule 92(d), a party who seeks to rectify an ambiguous award must reject the award in its entirety under Rule 93 and proceed to trial.

When Cruz received her award, which failed to specify the counts on which she recovered, she could not seek clarification of the award. The rules forced her to choose between rejecting the award and accepting the award as her total recovery, with no attorney fees, solely because of the award's latent ambiguity. While restricting parties to these two choices may not best serve the statutory purposes of reducing court congestion and litigation costs, we do not have the power to amend supreme court rules or authorize resubmission of a case to

arbitrators for clarification where our supreme court has denied courts and litigants authority for resubmission.

Faced with the restricted choices permitted by the rules, Cruz chose to accept the award while hoping to persuade the court that the arbitrators must have meant to base the award on the Consumer Fraud Act or the Magnusson-Moss Warranty Act. Since we cannot infer from the award the counts on which the arbitrators intended to base the award, we find that Cruz' recovery is limited to the arbitrators' award, without attorney fees. Accordingly, we reverse the judgment of the trial court.

Reversed.

GORDON and HOURIHANE, JJ., concur.