**Rodica RUS, Special Administrator of the estate of Nicolae Rus, Deceased and Maria Rus, Plaintiffs,**

v.

**FAMILY LAND, INC. and St. Paul Insurance Company, Defendants.**

No. 98 C 4108.

United States District Court, N.D. Illinois, Eastern Division.

Oct. 27, 1998.

Robert J. Friend, Evins & Friend, Ltd., Chicago, IL, for Plaintiffs.

Douglas R. Kraus, Kathleen L. Mentel, French, Kezelis & Kominiarek, P.C., Chicago, IL, Donald A. O'Brien, French, Kezelis & Kominiarek, P.C., Wheaton, IL, for Defendants.

### MEMORANDUM OPINION AND ORDER

HART, District Judge.

Plaintiffs in this action are Rodica Rus, as the special administrator of the Estate of Nicolae Rus, and Maria Rus. Maria was married to Nicolae at the time of his death. In July 1996, Nicolae drowned in a swimming pool owned by defendant Family Land, Inc. Defendant St. Paul Insurance Co. is Family Land's insurer. The swimming pool where Nicolae drowned is located in Wisconsin. There is complete diversity of citizenship and the amount in controversy exceeds $75,000.

In 1996, Nicolae's Estate, Maria, and their children filed a suit against Family Land in the Northern District of Illinois. The Amended Complaint in that lawsuit contained wrongful death claims and a claim by Maria for negligent infliction of emotional distress. That lawsuit was subsequently transferred to the Western District of Wisconsin. In March 1998, the Estate, Maria, Family Land, and St. Paul agreed to dismiss the action pending in Wisconsin and instead entered into a binding arbitration agreement.

The arbitration agreement was signed in Illinois, which is where the offices were of all the parties' attorneys. The arbitration organization that was used, A.D.R. Systems of America, L.L.C., was also located in Illinois, as was the arbitrator assigned to the case.

The arbitration hearing was held in Illinois. Section 3A of the agreement is labeled "Choice of Law" and provides: "The applicable substantive law governing liability and damages will be that of the State of Wisconsin." Section 4 entitled "Rules Governing the Proceeding" provides in part: "The Federal Rules of Evidence should govern the conduct of depositions and live testimony at the hearing." However, it also provides: "The parties may introduce any other evidence, including but not limited to documents or exhibits, in accordance with the rules of evidence of the State of Illinois."

Section 4 also contains the following provision: "The arbitrator shall decide the issues of liability, personal injury damages, and all applicable law." Section 6, entitled "Effect of This Agreement," provides in part: "After the decision is rendered, the matter is resolved, any award arising from this agreement shall operate as a bar and complete defense to any action or proceeding in any court or tribunal that may arise from the same incident upon which the arbitration hearing is based. The parties further agree that any pending litigation will be dismissed, with prejudice, as to those parties participating in this arbitration hearing upon entering into this agreement."

On April 22, 1998, the arbitrator issued the following award:

I, Angelo Mistretta, Arbitrator in the above captioned matter, after consideration of the evidence presented at the arbitration hearing held on April 20, 1998 at Chicago, Illinois, hereby find as follows:

Finding in favor of THE ESTATE OF NICHOLAS [sic] RUS

| Gross Award | $590,000.00 | Loss of Society, etc. | 150,000 |
| | | Survival Action | 20,000 |
| Comparative Fault | 50% | Economic Loss | 15,000 |
| | | Negligent Infliction | |
| NET AWARD | $295,000.00 | emotional distress | 405,000 |
| | | Total | 590,000 |

Explanation/Comments:

The fifty per-cent comparative fault is based on the fact that Wisconsin law is similar as Illinois. This percentage is not to bar recovery only to diminish amount of damages recoverable.

On April 27, 1998, plaintiffs filed a motion with the arbitrator entitled "Post Trial Mo-

tion for Additer."[1]  Plaintiffs argued that the $405,000 awarded for Maria's emotional distress should not have been reduced for Nicolae's comparative fault.  The reasons stated were:

3. That Maria Rus was not negligent, defendant did not argue that she was negligent, and most notably, defendant never filed a counterclaim for contribution against the Administrator of the Estate or filed any affirmative defenses against Maria Rus;

4. That therefore, the portion of the award for Maria Rus on the Negligent Infliction of Emotional Distress count in the amount of $405,000 should not be reduced by any contributory negligence of the decedent, Nicholas Rus;  Maria Rus' claim for Negligent Infliction of Emotional Distress is a separate cause of action to which it has never been plead or even argued that she acted negligently so as to contribute to her husband's death.

In a supporting brief, plaintiffs conceded there was no Wisconsin case on point.  The only case they cited was *Meredith v. Hanson,* 40 Wash.App. 170, 697 P.2d 602, 604 (1985).  Defendants filed a response in which they argued that the finality of the arbitration precluded plaintiffs from seeking reconsideration.  Defendants' response did not address the merits of plaintiffs' additur argument.  In a letter dated May 20, 1998, A.D.R.'s president informed the parties that the arbitrator had made the following ruling: "The award remains as given, plaintiff's motion denied."[2]

In June 1998, plaintiffs filed a complaint for declaratory judgment in the Circuit Court of Cook County, Illinois.  Defendants timely removed that action to this court.  Count I seeks a declaration that plaintiffs are entitled to a $202,500 additur.  Count II sought payment of the $295,000 awarded by the arbitrator.  Count II was subsequently dismissed because St. Paul paid the $295,000 award.  Presently pending are defendants' motion to confirm the $295,000 award and plaintiffs' motion to declare that they are entitled to the additur.

Again citing only *Meredith,* plaintiffs contend the Wisconsin courts would hold that a claim for the emotional distress of witnessing a person's death is not to be reduced by the contributory negligence of the decedent. They further contend that this is an evident error of law appearing on the face of the arbitration award and therefore can be corrected by a court.  Defendants argue that *Meredith* does not support plaintiffs' legal contention, but their primary argument is that, in binding arbitration, legal rulings of an arbitrator are not reviewable by a court. The parties make alternative arguments depending on whether it is held that Illinois, Wisconsin, or federal arbitration law applies. Plaintiffs, however, contend that the proper law to apply is the Uniform Arbitration Act as adopted by Illinois.  *See* 710 ILCS 5. In their reply, defendants concede that Illinois arbitration law is the proper choice of law. Since the parties are in agreement, that is the law that will be applied.  *Massachusetts Bay Insurance Co. v. Vic Koenig Leasing, Inc.,* 136 F.3d 1116, 1120 (7th Cir.1998); *Wood v. Mid–Valley, Inc.,* 942 F.2d 425, 426– 27 (7th Cir.1991).

Illinois law provides that an arbitration award can be modified or corrected where:

(1) There was an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award;

(2) The arbitrators have awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted; or

(3) The award is imperfect in a matter of form, not affecting the merits of the controversy.

710 ILCS 5/13(a).

Judicial review of binding arbitration awards is quite limited and, whenever

---

1. The additur motion before the arbitrator was stated as being brought on behalf of the Estate and the present suit is brought on behalf of both the Estate and Maria.  Any damages for negligent infliction of emotional distress, however, are only on behalf of Maria, not the Estate.

2. It may very well have been advisable for the arbitrator to explain his basis for denying the motion.  Such an explanation might have satisfied the parties or at least clarified or limited any possible grounds for court review.

possible, an arbitration award should be construed so as to uphold its validity. *Lemna v. Harry F. Shea & Co.*, 256 Ill.App.3d 916, 195 Ill.Dec. 113, 628 N.E.2d 577, 580 (1st Dist. 1993). Absent an express statement to the contrary in an arbitration agreement, arbitrators are "their own judges as to what the law was." *Perkins Restaurants Operating Co. v. Van Den Bergh Foods Co.*, 276 Ill. App.3d 305, 212 Ill.Dec. 740, 657 N.E.2d 1085, 1088 (1st Dist.1995) (quoting *Water Pipe Extension v. City of Chicago*, 238 Ill. App.3d 43, 179 Ill.Dec. 280, 606 N.E.2d 112, 115 (1st Dist.1992)). "Gross errors of judgment in law or a gross mistake of fact will not vitiate an arbitration award unless the mistakes or errors are apparent on the face of the award. Even an arbitrator's gross abuse of discretion is not grounds for modifying an arbitration award under section 13." *Perkins Restaurants*, 212 Ill.Dec. 740, 657 N.E.2d at 1088. An arbitrator's interpretation of the law will not be deemed erroneous if the interpretation "is a reasonably possible one." *Shearson Lehman Brothers, Inc. v. Hedrich*, 266 Ill.App.3d 24, 203 Ill.Dec. 189, 639 N.E.2d 228, 232 (1st Dist.1994) (quoting *Rauh v. Rockford Products Corp.*, 143 Ill.2d 377, 158 Ill.Dec. 523, 574 N.E.2d 636, 643 (1991)). The concept of an error of law appearing on the face of an award is viewed narrowly. "Only where it appears on the face of the award (and not in the arbitrator's opinion) that the arbitrator was so mistaken as to the law that, if apprised of the mistake, the award would be different may a court review the legal reasoning used to reach the decision." *Board of Education of Chicago v. Chicago Teachers Union, Local No. 1*, 86 Ill.2d 469, 56 Ill.Dec. 653, 427 N.E.2d 1199, 1202 (1981).

■ It is apparent from the face of the award that the award based on negligent infliction of emotional distress was reduced 50% based on comparative fault. The face of the award, however, does not identify who was at fault. In particular, it does not specifically limit the fault to decedent's own negligent conduct, with no negligence being at-

tributed to Maria.[3] But even assuming it would be appropriate to assume on a facial review that damages for Maria were being reduced based solely on the decedent's own negligence, plaintiffs would not be entitled to relief.

There was no unreasonable application of law. As plaintiffs concede in their present pleadings, there is no Wisconsin case on point. Instead, plaintiffs rely on a case from a different state and even that case is not on all fours with the Rus case. Like the present case, *Meredith* involves the emotional distress of watching another person die where the decedent's own negligence was a partial cause of his death. Although the decedent in *Meredith* apparently was married to the mother of the minor plaintiffs in that case and is referred to as their stepfather, it is specifically stated that the minor plaintiffs were not decedent's natural or adopted children. *Id.*, 697 P.2d at 603. In the present case, however, the plaintiff claiming emotional distress was married to the decedent. The relationship between the plaintiff and decedent could affect how a court would rule on the question of imputing contributory negligence.

■ Although no Wisconsin case is on point, there are pertinent Wisconsin cases addressing related questions. As a general rule, the comparative negligence of one spouse will not be imputed to the other spouse. *Nischke v. Farmers & Merchants Bank & Trust*, 187 Wis.2d 96, 522 N.W.2d 542, 550 (Wis.Ct.App.), *review denied*, 527 N.W.2d 335 (Wis.1994). However, where the non-negligent spouse's claim is derivative of the negligent spouse, the negligence of the one spouse will be attributed to both spouses. *White v. Lunder*, 66 Wis.2d 563, 225 N.W.2d 442, 448–49 (Wis.1975). In applying this rule, the concept of what constitutes a derivative action will not be narrowly or strictly applied. *See id.* at 449 ("To declare both of these causes of action derivative might not be entirely logical but in our opinion does little

---

**3.** Additionally, the award does not refer to Maria at all. On its face, all the damages are awarded to the Estate. That, however, would apparently be a correctable error and the parties do not

dispute that the $405,000 (less any reduction) was intended for Maria and St. Paul apparently has already paid Maria $202,500.

violence to the prior expressions of this court and serves to simplify the rule in applying the comparative negligence statute."). *White,* 225 N.W.2d at 448–49, holds that one spouse's negligence will be imputed to the other spouse in causes of action for medical expenses and loss of consortium. *White* also recognizes that the same rule had been applied to wrongful death actions. *Id.* at 448 (citing *Western Casualty & Surety Co. v. Dairyland Mutual Insurance Co.,* 273 Wis. 349, 77 N.W.2d 599 (Wis.1956)). Contributory negligence has also been imputed where spouses had an equal duty to protect their child. *See Nischke,* 522 N.W.2d at 550 (citing *Reber v. Hanson,* 260 Wis. 632, 51 N.W.2d 505 (Wis.1952)). However, two cases involving injuries to the plaintiff's child declined to impute to the non-negligent parent the contributory negligence of the other parent. *See Chang v. State Farm Mutual Automobile Insurance Co.,* 182 Wis.2d 549, 514 N.W.2d 399, 404 (Wis.1994); *Smith v. State Farm Fire & Casualty Co.,* 192 Wis.2d 322, 531 N.W.2d 376, 382 (Wis.Ct.App.), *review denied,* 534 N.W.2d 86 (Wis.1995).

Wisconsin case law holds that claims by bystanders for the emotional distress of seeing another person killed are limited to claims by close relatives of the decedent. *See Bowen v. Lumbermens Mutual Casualty Co.,* 183 Wis.2d 627, 517 N.W.2d 432, 434–35 (Wis.1994); *Rosin v. Fort Howard Corp.,* 588 N.W.2d 58, 61 (Wis.Ct.App.1998). This could be a basis for treating such claims as derivative-type claims in which the comparative negligence of one spouse will be imputed to the non-negligent spouse. *Cf. Estate of Gocha v. Shimon,* 573 N.W.2d 218, 221 (Wis.Ct. App.1997), *review denied,* 216 Wis.2d 613, 579 N.W.2d 45 (Wis.1998) (in construing liability limits of insurance policy related to child's death in accident and family members' witnessing of the accident, court indicated that family members' claim was not independent of estate's claim and may be considered derivative or ancillary).

Other than *Meredith,* a Washington Court of Appeals case, the parties cite no case addressing the question of imputing negligence of the injured person to a bystander who claims damages for witnessing the incident. Research has disclosed no additional cases from any jurisdiction that address this issue. As plaintiffs concede, even *Meredith* is not strictly on point because it did not involve a husband and wife relationship. Given plaintiffs' failure to cite any Wisconsin precedents, the arbitrator could have treated plaintiffs' contention as waived for failing to present an adequate argument in support thereof. *Cf. Griffin v. City of Milwaukee,* 74 F.3d 824, 828 (7th Cir.1996); *Pelfresne v. Village of Williams Bay,* 917 F.2d 1017, 1023 (7th Cir.1990), *cert. denied,* 506 U.S. 985, 113 S.Ct. 493, 121 L.Ed.2d 431 (1992); *Gold v. Wolpert,* 876 F.2d 1327, 1333 (7th Cir.1989). But even assuming the arbitrator was required to consider the question of whether, under Wisconsin law, it was proper to impute Nicolae's negligence to Maria's emotional distress claim, Wisconsin law is not settled on this point. Applying Wisconsin law, either imputing Nicolae's negligence to Maria or not doing so would be reasonable. Since either result was "reasonably possible" in light of the existing precedents, no basis exists for overturning the arbitrator's decision.

For the foregoing reasons, the arbitration order will be confirmed, and there is no basis for modifying it. Since plaintiffs have already been paid the amount of the arbitration award, no further order is needed in addition to the confirmation. Because the $295,000 was not paid until the present action was filed, but plaintiff was unsuccessful in obtaining an additur, each party was partially successful. Each side will bear its own costs of the present litigation.

IT IS THEREFORE ORDERED that plaintiffs' motion for summary judgment payment of $295,000 [5–1] is denied as moot. Plaintiffs' motion for summary judgment additer [6–1] is denied. Defendants' motion for order confirming arbitration award [4–1] is granted. The Clerk of the Court is directed to enter judgment confirming the April 22, 1998 arbitration award in the arbitration dispute entitled The Estate of Nicholas [sic] Rus v. Family Land, Inc. (No. 10387AMB).

Each side shall bear its own costs of the court litigation.