WATER PIPE EXTENSION, BUREAU OF ENGINEERING LABORERS' LOCAL UNION 1092, Plaintiff-Appellee, v. THE CITY OF CHICAGO, Defendant-Appellant.

First District (4th Division)   No. 1—91—1150

Opinion filed September 30, 1992.—Rehearing denied December 2, 1992.

Kelly R. Welsh, Corporation Counsel, of Chicago (Lawrence Rosenthal, Benna Ruth Solomon, and Mardell Nereim, Assistant Corporation Counsel, of counsel), for appellant.

Wilson Frost and Joel L. Greenblatt, both of Frost & Greenblatt, Chartered, of Chicago, for appellee.

PRESIDING JUSTICE JIGANTI delivered the opinion of the court:

The defendant, the City of Chicago (City), appeals from an order of the trial court modifying an arbitration award which resulted from a grievance filed by the plaintiff, Water Pipe Extension Bureau of Engineering Laborers' Local Union 1092 (Union). The City contends on appeal that the trial court erred in finding that grounds existed for modifying the award. Alternatively, the City contends that the court was without power to modify an arbitration award in a manner which affected the substantive rights of the parties.

The grievant, Robert Roberts, was employed by the City in its Department of Sewers as a sewer department watchman. On March 10, 1987, pursuant to a posted application for bids, Roberts submitted a bid to the Department of Sewers for the position of laborer. The sewer department lost all of the bids responding to the March 1987 posting and did not find them until April 1989.

Having failed to hear from the sewer department, Roberts submitted a bid to the water department for the position of laborer. The water department required applicants to take a physical examination. The examination results showed that Roberts, who was 75 years old at the time of the circuit court hearing, was unfit for a laborer's position in the water department. Based on the examination results, Roberts was also unsuccessful in his bid for a laborer's position in the sewer department. It was uncontroverted that none of the sewer department watchmen who were appointed to sewer laborer positions were required to take a physical examination.

Pursuant to the provisions of the collective bargaining agreement between the City and the Union, Roberts filed a grievance which was submitted to an arbitrator. The issue before the arbitrator was whether Roberts should be deemed a successful bidder for a sewer department laborer position. The Union's position was that the City was unfair to Roberts because none of the other sewer department watchmen appointed to the position of laborer had been required to take a physical examination. The City's position was that Roberts' physical condition required a determination that he was unfit to perform the duties of a laborer.

In an opinion and award issued on December 16, 1989, the arbitrator found that the City had treated Roberts unfairly by singling

him out to take a physical examination. However, the arbitrator also found that Roberts was not physically fit to hold the position of laborer and that awarding him the position with back pay "would unreasonably jeopardize his health and safety, or, at a minimum, would afford him economic relief to which he would not have been entitled had the Employer uniformly subjected all bidders to such physical examinations." The award stated as follows:

"The Employer violated the rights of the Grievant, Robert Roberts, by selectively requiring him to take and pass a physical examination without good and proper cause as part of the selection process for the Sewer Department Laborer position. However, based upon the physical condition of the Grievant, the Employer will not be required to offer him the position or the backpay that would otherwise be due him.

The Employer is however directed to cease and desist from utilizing physical examinations to screen and select bidders for bargaining unit positions on a non uniform basis without good and proper cause."

The Union filed an application to vacate or modify the arbitration award on the grounds that the arbitrator exceeded his power and denied Roberts his right to equal protection under the law. Following a hearing on the City's motion to dismiss the Union's application, the trial court found that the arbitrator's decision was illogical and inconsistent. The court ordered that the award be modified to provide that Roberts be deemed a successful bidder for a laborer's position in the sewer department and that he was entitled to back pay. In doing so, the court made the following findings:

"1. No other bidders for the Sewer Department Laborer position were required to take a physical examination.

2. No persuasive reason has been presented by the City of Chicago as to why the grievant, Robert Roberts, was singled out to take a physical examination.

3. The Arbitrator committed mistake in the arbitration award dated December 16, 1989, which award is the subject matter of this Application."

The City contends on appeal that the trial court erred in modifying the arbitration award in a manner that essentially reversed the arbitrator's decision. The City argues that no grounds existed to overturn the award.

■■ Judicial review of an arbitrator's award is intended to be more limited than appellate review of a trial court's decision. (*Rauh v. Rockford Products Corp.* (1991), 143 Ill. 2d 377, 394, 574 N.E.2d 636.)

A court may not set aside an arbitration award merely because the court would have reached a different result. (*Hollister Inc. v. Abbott Laboratories* (1988), 170 Ill. App. 3d 1051, 1062, 524 N.E.2d 1035.) As the Supreme Court stated in *Burchell v. Marsh* (1855), 58 U.S. 344, 15 L. Ed. 96:

> "Arbitrators are judges chosen by the parties to decide the matters submitted to them, finally and without appeal. *** If the award is within the submission, and contains the honest decision of the arbitrators, after a full and fair hearing of the parties, a court of equity will not set it aside for error, either in law or fact. A contrary course would be a substitution of the judgment of the chancellor in place of the judges chosen by the parties, and would make an award the commencement, not the end, of litigation." *Burchell*, 58 U.S. at 349, 15 L. Ed. at 99.

The Union advances two arguments in support of the trial court's order modifying the arbitration award. First, it contends that the award was properly overturned because of a mistake of law on the part of the arbitrator. Second, the Union maintains that the arbitrator exceeded his authority.

The Union's first contention is that the arbitrator committed a mistake because he determined that Roberts was not entitled to a laborer's position despite finding that he was treated unfairly by the City. The Union does not assert that the arbitrator was mistaken as to the facts, but rather that his determination was inconsistent with his findings. It argues that the arbitrator's failure to remedy the unfair treatment served to deny Roberts his right to equal protection of the law as guaranteed by the Illinois Constitution.

■ It is well established that errors of judgment in law are not grounds for vacating an arbitrator's award. (*Board of Education v. Chicago Teachers Union, Local No. 1* (1981), 86 Ill. 2d 469, 477, 427 N.E.2d 1199.) Only where it appears on the face of the award that the arbitrator was so mistaken as to the law that, if apprised of the mistake, the award would be different may a court review the legal reasoning used to reach the decision. (*Board of Education*, 86 Ill. 2d 469, 427 N.E.2d 1199.) As stated in *White Star Mining Co. v. Hultberg* (1906), 220 Ill. 578, 606, 77 N.E. 327, 337, arbitrators chosen to decide cases according to the law were, "in the absence of an expressed intention to the contrary, *** to be their own judges as to what the law was, otherwise the parties would have provided that the case should be subject to review by the courts or that the legal questions should be referred to some other tribunal for final determination."

■ The trial court found that the arbitrator's decision was illogical and inconsistent. According to the principles of law stated above, this is an insufficient basis upon which to overturn an arbitration award. Nor can we conclude from the face of the award that the arbitrator was so mistaken as to the law that, if apprised of the mistake, his award would have been different. The law relied upon by the Union is the equal protection clause of the Illinois Constitution. (Ill. Const. 1970, art. I, §2.) It has been held that the application of the equal protection clause is limited to instances of purposeful or invidious discrimination and is violated only where the government withholds from a person a right, benefit or privilege without a reasonable basis for the governmental action. (*Chicago National League Ball Club, Inc. v. Thompson* (1985), 108 Ill. 2d 357, 367, 483 N.E.2d 1245.) Here, the arbitrator determined that even though the City treated Roberts unfairly by considering the results of his physical examination, it was not unreasonable for the City to deny him a job he was physically unfit to perform. The face of the award does not establish that the arbitrator was mistaken as to the law, but merely that he determined that it led to a different result than did the trial court. We therefore find no basis for vacating the award on the grounds of mistake.

■ The second contention made by the Union is that the arbitrator's award was properly overturned on the grounds that the arbitrator exceeded his authority. The only argument made in support of this contention is that the arbitrator exceeded his authority because he made what the Union believes was an incorrect decision.

An arbitrator exceeds his authority when he decides matters which were not submitted to him. (*Board of Trustees of Community College District No. 508 v. Cook County College Teachers Union, Local 1600, AFT, AFL/CIO* (1979), 74 Ill. 2d 412, 419, 386 N.E.2d 47.) The arbitrator in the instant cause was asked to decide whether Roberts should be deemed a successful bidder for a laborer's position in the sewer department. The arbitrator decided that he should not. We therefore find no merit to the contention that the arbitrator exceeded his authority.

Based on our disposition of this cause, it is unnecessary for us to reach the question of whether the trial court had the power to modify an arbitration award in a manner which affected the substantive rights of the parties.

Accordingly, the judgment of the circuit court is reversed.

Reversed.

JOHNSON and McMORROW, JJ., concur.