PERKINS RESTAURANTS OPERATING COMPANY, L.P., Petitioner-Appellant, v. VAN DEN BERGH FOODS COMPANY, Respondent-Appellee.

First District (3rd Division)    No. 1—95—1115

Opinion filed November 8, 1995.

Lee N. Abrams, Mark R. Ter Molen, and John Z. Lee, all of Mayer, Brown & Platt, of Chicago, for appellant.

Michael P. Connelly and Mary Lisa Kamins, both of Connelly & Schroeder, of Chicago, for appellee.

PRESIDING JUSTICE GREIMAN delivered the opinion of the court:

Plaintiff, Perkins Restaurants Operating Company, L.P., appeals the circuit court's denial of its application to modify or vacate an arbitration award which declined to award attorney fees to either party. The arbitrators awarded plaintiff $10,000 upon its damage claim.

On appeal plaintiff asserts that the arbitration panel exceeded its authority by refusing to award plaintiff its fees where the arbitration agreement provided that the "prevailing party" shall receive attorney fees.

We affirm the circuit court's order because the attorney fee issue was submitted and considered by the arbitration panel.

Plaintiff purchased a used bakery oven from defendant Van Den Bergh Foods Company and later claimed that the oven was defective. Plaintiff claimed specific damages of $428,911 and over $1 million in total damages. Section 8.17 of the purchase agreement provided that any disputes which arose between the parties regarding the purchase and sale of the oven would be submitted for arbitration.

> "8.17 *Arbitration.* All controversies, disputes or claims arising between Buyer and Seller in connection with, arising from, or with respect to this Agreement, including any provision of this Agreement *** shall be submitted for arbitration *** upon the demand of either party. *** The award and decision of the arbitrators shall be conclusive and binding upon the parties."

Section 8.16 of the agreement required payment of fees to the "prevailing party" if either party took action to enforce the agreement.

> "8.16 *Attorney Fees.* In the event either party must take action to enforce any term of this Agreement, the non-prevailing party shall reimburse the *prevailing party* for any costs it incurs in such enforcement action, including reasonable attorney fees and court costs, whether or not a lawsuit is filed." (Emphasis added.)

The agreement did not define the term "prevailing party."

At arbitration, plaintiff maintained that the oven had serious defects and stated claims against defendant for breach of contract, breach of express and implied warranty, fraud and negligent misrepresentation, and violation of the Tennessee Consumer Protection Act. In its prayer for relief, plaintiff asked for specific damages, punitive damages and attorney fees as authorized by section 8.16.

Defendant contended that the sale of the equipment was on an "as is" basis. Defendant further maintained that it acted honestly and in good faith toward plaintiff and did not conceal or attempt to conceal any information of any kind from plaintiff. Defendant also requested in its cross-demand for arbitration, referred to as a counterclaim, that the arbitration panel reform the agreement to reflect the "as is" nature of the contract.

The arbitration proceedings were held in 1994 on April 13 through 15, May 31, and June 3. On the last day of the proceedings (June 3, 1994), the arbitration panel expressly asked the parties for

"some guidance with respect to what prevailing party means" in section 8.16. Later, by letter dated June 20, 1994, the arbitration panel requested a brief from each of the parties

"regarding the legal meaning of paragraph 8.16 *** particularly on the question of the meaning of the words in that paragraph 'non-prevailing party' and 'prevailing party.' "

In response to this request, both plaintiff and defendant submitted a brief on the meaning of prevailing and nonprevailing party for purposes of section 8.16 of the purchase agreement.

On July 14, 1994, the arbitration award was transmitted to the parties. The arbitration panel ordered defendant to pay plaintiff $10,000, denied defendant's counterclaim and refused to award attorney fees to either party. As to fees, the award found:

"5. Neither attorneys' fees nor costs shall be reimbursed by either party to the other in this matter based on the terms and conditions of section 8.16 of the Asset Purchase Agreement. Therefore, each party shall bear its own legal fees and costs."

Lastly, the award stated:

"6. This Award is in full settlement of all claims and counterclaims submitted to this arbitration."

Thereafter, in the circuit court, plaintiff filed an application to modify or vacate the arbitration award while defendant filed a petition to confirm the arbitration award. Following a hearing held on March 8, 1995, the circuit court denied plaintiff's application and granted defendant's petition to confirm the arbitration award.

On appeal plaintiff asserts that the arbitrators exceeded the scope of their authority by failing to award fees as provided in section 8.16 and the circuit court erred in failing to correct the arbitrators' misuse of authority. Plaintiff argues that the term "prevailing party," although not specifically defined in the agreement, has a clear and unambiguous meaning.

Defendant contends that various definitions have been ascribed to the terms "prevailing party" and "non-prevailing party" and, therefore, the terms are ambiguous. Their ambiguity, defendant argues, is evidenced by the arbitrators' request for briefs on the meaning of the terms before they issued their decision and by the various definitions pronounced in the cases cited by the parties. Accordingly, defendant argues that the arbitrators were responsible for interpreting their meaning.

■ Judicial review of arbitration awards is extremely restricted. Courts encourage the settlement of disputes by arbitration and, accordingly, judicial review of an arbitration award is more limited than appellate review of a circuit court's decision. (*Garver v. Fergu-*

*son* (1979), 76 Ill. 2d 1, 8-9, 389 N.E.2d 1181.) Courts must construe arbitration awards, whenever possible, to uphold their validity. (*Garver*, 76 Ill. 2d at 10; *Christian Dior, Inc. v. Hart Schaffner & Marx* (1994), 265 Ill. App. 3d 427, 431, 637 N.E.2d 546.) Limited judicial review fosters the long-accepted and encouraged principle that an arbitration award should be the end, not the beginning, of litigation. *Garver*, 76 Ill. 2d at 9.

■ Sections 12 and 13 of the Uniform Arbitration Act (Act) govern a court's power to vacate or modify an arbitration award. 710 ILCS 5/12, 13 (West 1992).

Section 12 provides in relevant part that an arbitration award can be vacated where the "arbitrators exceeded their powers." (710 ILCS 5/12(a)(3) (West 1992).) However, courts must accord arbitrators the presumption that they did not exceed their authority. (*Rauh v. Rockford Products Corp.* (1991), 143 Ill. 2d 377, 386, 574 N.E.2d 636.) Moreover, an illogical or inconsistent decision on the part of the arbitrator is not a sufficient basis upon which to overturn an arbitration award. *Water Pipe Extension, Bureau of Engineering Laborers' Local Union 1092 v. City of Chicago* (1992), 238 Ill. App. 3d 43, 47, 606 N.E.2d 112.

Section 13 of the Act provides that an arbitration award can be modified or corrected where:

> "(1) There was an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award;
>
> (2) The arbitrators have awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted; or
>
> (3) The award is imperfect in a matter of form, not affecting the merits of the controversy." 710 ILCS 5/13(a) (West 1992).

■ Gross errors of judgment in law or a gross mistake of fact will not vitiate an arbitration award unless the mistakes or errors are apparent on the face of the award. (*Rauh*, 143 Ill. 2d at 393.) Even an arbitrator's gross abuse of discretion is not grounds for modifying an arbitration award under section 13. *Lemna v. Harry F. Shea & Co.* (1993), 256 Ill. App. 3d 916, 920, 628 N.E.2d 577.

■ Arbitrators chosen to decide cases according to the law are

> " 'in the absence of an expressed intention to contrary, *** *to be their own judges as to what the law was,* otherwise the parties would have provided that the case should be subject to review by the courts or that the legal questions should be referred to some other tribunal for final determination.' " (Emphasis added.) *Water Pipe Extension,* 238 Ill. App. 3d at 46, quoting *White Star Mining Co. v. Hultberg* (1906), 220 Ill. 578, 606, 77 N.E. 327.

An arbitrator has no authority to ignore the plain language of the contract or to interpret unambiguous contract language. (*Shearson Lehman Brothers, Inc. v. Hedrich* (1994), 266 Ill. App. 3d 24, 29, 639 N.E.2d 228 (award vacated where the arbitrators exceeded their authority in awarding defendants an amount "which was clearly not based upon the precise and unambiguous mathematical formulas provided in the" agreements).) In challenging the arbitrators' award, the plaintiff in *Shearson Lehman* advanced alternative arguments based on section 12(a)(3) of the Act (where an arbitrator exceeds his authority) and section 13(a)(1) of the Act (where figures were evidently miscalculated). (*Shearson Lehman*, 266 Ill. App. 3d at 27.) The contract at issue in *Shearson Lehman* was a deferred compensation plan whereby a fully vested employee was entitled to an 11% interest rate on his contributions while an unvested employee was entitled to a 5% interest rate. (*Shearson Lehman*, 266 Ill. App. 3d at 26.) The defendants were discharged in 1989 and the effective date of vesting for each defendant was in 1990. (*Shearson Lehman*, 266 Ill. App. 3d at 26.) In their award, the arbitrators did not utilize either the 11% or the 5% interest rate. (*Shearson Lehman*, 266 Ill. App. 3d at 27.) Under these circumstances, this court concluded that the arbitrators had exceeded their authority in awarding sums which were not based on either interest rate and ordered that the amounts payable be based on the 5% rate. (*Shearson Lehman*, 266 Ill. App. 3d at 30.) This court in *Shearson Lehman* recognized, at least impliedly, that the arbitrators did not make an arithmetical error (such as adding numbers wrong) to invoke section 13(a)(1) of the Act but rather completely disregarded the specific interest rates which were set forth in the contract and thereby invoked section 12(a)(3) of the Act.

A contract term will be found ambiguous, however, if it is reasonably or fairly susceptible to more than one interpretation. *Pennsylvania Life Insurance Co. v. Pavlick* (1994), 265 Ill. App. 3d 526, 529, 637 N.E.2d 1160.

■ "An arbitrator exceeds his authority when he decides matters which were not submitted to him." (*Water Pipe Extension*, 238 Ill. App. 3d at 47.) If, however, the award is within the submission and contains the honest decision of the arbitrators, after a full and fair hearing, a court will not set it aside for errors of fact or law. (*Rauh*, 143 Ill. 2d at 394-95.) "A court may not set aside an arbitration award merely because the court would have reached a different result." *Water Pipe Extension*, 238 Ill. App. 3d at 46.

■ In the present case, there is no dispute that the attorney fee issue was submitted to the arbitration panel. In fact, the positions advanced by the parties in their briefs to the arbitration panel are

the same arguments now presented to this court, including plaintiff's reliance on *Grossinger Motorcorp, Inc. v. American National Bank & Trust Co.* (1992), 240 Ill. App. 3d 737, 753, 607 N.E.2d 1337 (definition of prevailing party), and *Myers v. Popp Enterprises, Inc.* (1991), 216 Ill. App. 3d 830, 576 N.E.2d 452 (the decision of a trial court, not an arbitration panel, requiring an award of attorney fees was at issue).

The fee decision by the arbitrators is presumed valid and cannot be vitiated by even gross mistakes in law. As long as the arbitrators' interpretation of the agreement is a reasonably possible one, courts will not set aside the award. Here, the arbitrators, after being fully briefed on the issue by both parties, determined that neither party was entitled to attorney fees. A court is not empowered to overturn or change an arbitration award even if a court would have reached a different conclusion from the language of section 8.16 and the legal definitions advanced. Section 8.16 was properly presented to and conclusively decided by the arbitration panel.

Affirmed.

RIZZI and TULLY, JJ., concur.