THIRD DIVISION 
 November 13, 1996 







No. 96-1088 

ALBIN T. CERAJEWSKI, MADELINE ) Appeal from the 
CERAJEWSKI, and PATRICIA GILMAN, ) Circuit Court of
 ) Cook County 
 Plaintiffs-Appellants, ) 
 )
 v. )
 )
ALEXANDRA KUNKLE, ) Honorable
 ) Margaret Stanton McBride,
 Defendant-Appellee. ) Judge Presiding. 


 JUSTICE GREIMAN delivered the opinion of the court: 

 Following the entry of an arbitration award, plaintiffs
Albin T. Cerajewski, Madeline Cerajewski and Patricia Gilman
appeal the trial court's orders that vacated the punitive damages
awarded in arbitration and that denied attorney fees. 
 This appeal raises three issues: (1) whether punitive
damages are allowable in an arbitration award; (2) if punitive
damages are allowed, whether plaintiff is entitled to accumulated
interest on the punitive damage award; and (3) whether attorney
fees should be awarded to plaintiffs for the action in the
circuit court to confirm the arbitration award and for the appeal
to this court. 
 We reverse the order that vacated the punitive damages award
and remand the cause to reinstate such award and to allow the
interest on such award. We affirm the denial of attorney fees
requested by plaintiff. 
 In August 1993, plaintiffs initiated an arbitration claim
with the National Association of Securities Dealers (NASD)
against defendant Alexandra Kunkle, a securities broker at
Gruntal & Co. (Gruntal). Plaintiffs alleged that defendant
engaged in unauthorized trading and recommendations and purchases
of securities. On November 29, 1993, defendant signed a document
entitled "Uniform Submission Agreement," and thereby agreed to
submit the controversy "to arbitration in accordance with the
Constitution, By-Laws, Rules, Regulations and/or Code of
Arbitration Procedure of the sponsoring organization [NASD]." In
June and July of 1995, five sessions of the arbitration hearing
were held. Prior to the commencement of the hearing, plaintiffs
reached a settlement with Gruntal. 
 In August 1995, the arbitrators entered an award in favor of
plaintiffs in the amounts of $18,680.44 as compensatory damages
and the same amount ($18,680.44) as punitive damages. The award
expressly stated: 
 "In making this award of punitive damages, the
 undersigned arbitrators find that they have the
 authority to award punitive damages after considering
 the written submissions and arguments of the parties." 
The arbitration award further held that each party must bear its
own costs, expenses and attorney fees with the exclusion of
specifically enumerated fees, such as forum fees and filing fees.
 On October 2, 1995, plaintiffs filed a circuit court action
for an order confirming the arbitration award, for judgment upon
such order and for interest, fees and costs, pursuant to the
Illinois Uniform Arbitration Act (Act) (710 ILCS 5/11 (West
1992)). On October 31, 1995, defendant filed a motion to vacate
the arbitration award, alleging that the arbitration panel was
not impartial under section 12(a)(2) of the Act (710 ILCS
5/12(a)(2) (West 1992)) and the arbitrators exceeded their powers
in assessing punitive damages pursuant to section 12(a)(3) of the
Act (710 ILCS 5/12(a)(3) (West 1992)). 
 Thereafter, the trial court entered two orders. First, on
February 26, 1996, the trial court entered the following order: 
 "1. Plaintiffs' motion to confirm award of non-
 punitive damages is confirmed. 
 2. Defendant's motion to vacate arbitration award
 of punitive damages is allowed and the punitive damage
 award is hereby vacated." 
Second, on March 8, 1996, the trial court entered its "Final
Judgment Order," which expressly stated as follows: 
 "[I]n an Order entered on February 26, 1996, this
 Court vacated the arbitration award for punitive
 damages, pursuant to a finding that Edward Electric Co.
 v. Automation, Inc., 229 Ill. App. 3d 89 (1st Dist.
 1992) is dispositive and that Mastrobuono v. Shearson,
 Lehman, Hutton, Inc., [514] U.S. ___, 131 L. Ed. 2d 76
 (1995) is not dispositive, and confirmed the
 arbitration award for compensatory damages against
 Defendant Kunkle and in favor of the Plaintiffs. 
 And this court further finding that, pursuant to
 Edward Electric, all parties are to bear their own
 costs, plaintiffs' request, set out in their motion to
 confirm, for attorneys fees and costs, is hereby
 denied." 
 On March 14, 1996, plaintiffs filed a notice of appeal of
both trial court orders, i.e., the orders entered on February 26,
1996, and March 8, 1996. In their notice of appeal, plaintiffs
sought reversal of both orders and a remand to the trial court
with instructions to enter judgment for punitive damages and for
costs, including attorney fees and interest. 
 On appeal, plaintiffs first assert that the imposition of
punitive damages by the arbitrators was proper because defendant
consented to the possibility of punitive damages through the
execution of the NASD uniform submission agreement. We agree. 
 A court's review of an arbitration award is extremely
limited. Perkins Restaurants Operating Co. v. Van Den Bergh
Foods Co., 276 Ill. App. 3d 305, 308 (1995). Whenever possible,
courts must construe an arbitration award to uphold its validity. 
Perkins Restaurants, 276 Ill. App. 3d at 309 (and cases cited
therein). Absent an expressed intention to the contrary,
arbitrators chosen to decide cases according to the law are "to
be their own judges as to what the law was, otherwise the parties
would have provided that the case should be subject to review by
the courts or that the legal questions should be referred to some
other tribunal for final determination." Perkins Restaurants,
276 Ill. App. 3d at 309. 
 This court extensively discussed the issue of whether
arbitrators exceed their authority by awarding puntive damages in
Edward Electric Co. v. Automation, Inc., 229 Ill. App. 3d 89,
103-05 (1992). There were three views expressed in the case law
from the jurisdictions that had considered the issue. First,
some courts espoused the view that arbitrators were empowered to
award punitive damages unless the arbitration agreement stated
otherwise. A second view provided that only the State, not
arbitrators, had the power to award punitive damages, regardless
of the parties' agreement. The third category of cases held that
an arbitrator could award punitive damages only if an express
provision authorizing such relief appeared in the arbitration
agreement or the parties agreed to such relief in a stipulated
submission. This court then adopted the third approach and held
that "punitive damages may be awarded in arbitration, but only
where the parties have expressly agreed to the arbitrators'
authority to award punitive damages." Edward Electric Co. v.
Automation, Inc., 229 Ill. App. 3d 89, 105 (1992). 
 In the present case, the parties agreed to submit their
dispute to arbitration in accordance with the NASD rules. 
Defendant signed a uniform submission agreement that included two
relevant provisions. First, the submission agreement provided
that the undersigned party submits the matter in controversy "to
arbitration in accordance with the Constitution, By-Laws, Rules,
Regulations and/or Code of Arbitration Procedure of the
sponsoring organization." The agreement clearly and indisputably 
identified the sponsoring organization as NASD. Second, the
agreement stated that the "undersigned parties hereby state that
they have read the procedures and rules of the sponsoring
organization relating to arbitration." Accordingly, by executing
this uniform submission agreement, defendant expressly agreed to
abide by the NASD rules and further declared that she had read
the NASD rules. 
 This court recently held that "[t]he NASD rules clearly
allow for the award of punitive damages." Roubik v. Merrill
Lynch, Pierce, Fenner & Smith, Inc., No. 1-94-2774, slip op. at 3
(May 1, 1996). In Roubik, this court discussed and relied on
Mastrobuono v. Shearson Lehman Hutton, Inc., 514 U.S. ___, 131 L.
Ed. 2d 76, 115 S. Ct. 1212 (1995), in which the United States
Supreme Court held that an arbitration award of punitive damages
to a client of a securities dealer was within the scope of the
dealer-client agreement. The client in Mastrobuono had executed
a standard-form client agreement with the securities dealer upon
the opening of the securities trading account. Mastrobuono, 514
U.S. ___, 131 L. Ed. 2d at 82, 115 S. Ct. at 1214-15. 
 In Mastrobuono, the Supreme Court addressed the same NASD
rule at issue in the present case, i.e., paragraph 3741(e) of the
NASD's Code of Arbitration Procedure, providing that an award
"shall contain *** damages and other relief." NASD Code of
Arbitration Procedure par. 3741(e) (1993) (now codified as Rule
10330(e) (1996)). The Supreme Court found that "[w]hile not a
clear authorization of punitive damages, this provision appears
broad enough at least to contemplate such a remedy." 
Mastrobuono, 514 U.S. ___, 131 L. Ed. 2d at 86, 115 S. Ct. at
1218. The Supreme Court further observed that the NASD
arbitrators' manual expressly provides that "[p]arties to
arbitration are informed that arbitrators can consider punitive
damages as a remedy." Mastrobuono, 514 U.S. ___, 131 L. Ed. 2d
at 86, 115 S. Ct. at 1218. From paragraph 3741(e) and the
provision in the arbitration manual, the Supreme Court concluded
that claims for punitive damages were not foreclosed. 
Mastrobuono, 514 U.S. ___, 131 L. Ed. 2d at 86-87, 115 S. Ct. at
1218. 
 We find that the award of punitive damages in the present
case was within the realm of the arbitrators' authority and that
such award conforms with the holdings of Edward Electric
(punitive damages are allowed where the parties have expressly
agreed to the arbitrator's authority to do so); Roubik (the NASD
rules clearly allow for the award of punitive damages); and
Mastrobuono (the punitive damages award entered by a NASD
arbitration panel was enforceable). We recognize that the
arbitration proceedings in Roubik and Mastrobuono were based on
dealer-client agreements executed at the time the securities
accounts were opened, i.e., before any dispute existed. In the
instant case, however, the parties agreed to arbitrate under NASD
rules after the controversy occurred. We believe that the post-
controversy agreement to arbitrate presents a stronger case to
support the award of punitive damages because the parties were
clearly aware that a dispute had to be resolved when defendant
executed the uniform submission agreement. Defendant's position,
as stated in her brief, that "she merely signed an NASD
submission form," should not nullify her compliance to submit to
arbitration in accordance with the NASD rules as stated on the
submission form. Moreover, defendant's alleged ignorance of the
rules to the arbitration to which she voluntarily submitted
should not affect the enforcement of the rules. Accordingly, we
reverse the trial court's order that vacated the arbitral award
of punitive damages. 
 In conjunction with our reinstatement of the punitive
damages award, we also find that plaintiffs are entitled to 
judgment interest as authorized by statute under section 2-1303
of the Illinois Code of Civil Procedure (735 ILCS 2-1303 (West
1992). Edward Electric, 229 Ill. App. 3d at 106 (statutory
interest is properly allowed on arbitration awards); see also
Department of Public Aid ex rel. McGinnis v. McGinnis, 268 Ill.
App. 3d 123, 132 (1994)(language of section 2-1303 is mandatory);
Contract Development Corp. v. Beck, 255 Ill. App. 3d 660, 672
(1994) (noting split in authority and allowing the award of
interest). 
 Finally, plaintiffs assert that fees should be assessed in
their favor for the confirmation of the compensatory damages
award in the circuit court and for this appeal. 
 Section 14 of the Uniform Arbitration Act provides: 
 "Upon the granting of an order
 confirming, modifying or correcting an award,
 judgment shall be entered in conformity
 therewith and be enforced as any other
 judgment. Costs of the application and of
 the proceedings subsequent thereto, and
 disbursements may be awarded by the court as
 to the court seems just." 710 ILCS 5/14
 (West 1992). 
 Applying section 14, this court held that "the question of
attorney's fees is a matter peculiarly within the province of the
trial court [citation], and absent a manifest abuse of
discretion, the trial court's decision will not be disturbed." 
Stein v. Feldmann, 85 Ill. App. 3d 973, 974 (1980) (refusal to
award attorney fees and costs incurred by attorney in enforcing
arbitration was not an abuse of discretion). 
 We find that the denial of attorney fees does not constitute
an abuse of discretion and, in fact, plaintiffs make no argument
to the contrary. It is particularly proper that each party bear
his or her own costs and fees where, as in the present case, the
trial court affirmed part of the arbitration award and vacated
another part. 
 For all the foregoing reasons, we reverse the order that
vacated the award of punitive damages and remand the matter to
the circuit court to reinstate the punitive damages award
($18,680.44) and to compute and grant interest on the award. In
addition, we affirm the denial of attorney fees. 
 Affirmed in part; reversed in part and remanded. 
 CERDA and GALLAGHER, JJ., concur.