SIXTH DIVISION
March 23, 2007

No. 1-05-1332

| | | |
|---|---|---|
| MARY SPENCER, | ) | |
| | ) | Appeal from the |
| Plaintiff-Appellant, | ) | Circuit Court of |
| | ) | Cook County, Illinois. |
| v. | ) | |
| | ) | No. 04 CH 08975 |
| THE RYLAND GROUP, INC., | ) | |
| d/b/a Ryland Homes, | ) | Honorable |
| | ) | Patrick McGann |
| Defendant-Appellee. | ) | Judge Presiding. |
| | ) | |

JUSTICE JOSEPH GORDON delivered the opinion of the court:

Plaintiff, Mary Spencer, appeals from an order of the circuit court dismissing her complaint pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2004)). In her complaint, Spencer alleged that the arbitrator in a dispute between her and defendant, The Ryland Group, Inc. (Ryland), exceeded his powers by not awarding her attorney fees as required by an agreement of sale between her and Ryland. The circuit court held that, although it disagreed with the arbitrator's decision not to award attorney fees, it was prohibited by *stare decisis* from amending that award. For the reasons that follow, we reverse and remand.

## I. BACKGROUND

On June 19, 2003, Spencer entered into an agreement of sale (sales agreement) with Ryland for the purchase of a new town home in Lockport Illinois. At that time, Spencer paid Ryland $6,000 in earnest money. Paragraph 10 of the sales agreement, entitled "Arbitration," provided: "[a]ny controversy, claim or dispute arising out of or in any way relating to this

agreement, the property, your purchase of the property or our construction of the home shall be settled by binding arbitration with the American Arbitration Association."  Paragraph 20 of the sales agreement, entitled "Attorneys' Fees and Costs," provided: "[t]he non-prevailing party in any proceeding to enforce or contest any provision(s) of this Agreement of Sale shall pay all reasonable costs, attorney's fees and expenses incurred by the prevailing party."

On September 18, 2003, Spencer received a letter from Ryland, claiming that she was in default of the sales agreement and that her earnest money was being retained as damages.  On November 22, 2003, Spencer submitted a demand for arbitration in which she sought $6,000 as a refund of her earnest money, $2,000 for her inconvenience and aggravation; punitive damages of up to $10,000, and attorney fees and costs pursuant to paragraph 20 of the sales agreement.

On March 16, 2004, an arbitrator from the American Arbitration Association (AAA) issued a written award, in which he ordered Ryland to return Spencer's $6,000 in earnest money and pay $150 in interest.  The arbitrator further stated:

"The administrative fees and expenses of the [AAA] totaling $500.00 and the compensation and expenses of the arbitrator totaling $750.00 shall be borne by [Ryland].  Therefore, [Ryland] shall pay to [Spencer] the sum of $875.00, representing [Spencer's] share of deposits previously advanced the [AAA].

\*\*\*

This Award is in full settlement of all claims submitted to this Arbitration.

All claims not expressly granted herein are, hereby denied."

The arbitration award did not mention attorney fees or specifically designate Spencer as the

"prevailing party."

Spencer requested reconsideration and modification of the award based on paragraph 20 of the sales agreement and on the federal Equal Credit Opportunity Act (ECOA) (15 U.S.C. §1691 *et seq*. (2000)), both of which, she argued, expressly entitled her, as the prevailing party, to attorney fees and costs. The arbitrator denied Spencer's request for reconsideration on March 31, 2004.

On June 3, 2004, Spencer filed a timely, three-count complaint in the circuit court. Only count I is at issue in this appeal. In that count Spencer requested that the circuit court vacate the arbitration award as to attorney fees pursuant to section 12(a)(3) of the Uniform Arbitration Act (Act) (710 ILCS 5/12(a)(3) (West 2004)) because the arbitrator exceeded his powers by not adhering to the parties' agreement. Ryland filed a motion to dismiss the complaint under section 2-615 of the Code (735 ILCS 5/2-615 (West 2004)), arguing that Spencer could not show that the arbitrator committed a gross mistake of fact or law that appeared on the face of the award.

On February 18, 2005, the circuit court issued a written memorandum and order in which it granted Ryland's motion to dismiss. The court opined that because Spencer was successful in obtaining a return of her earnest money, she qualified as a prevailing party and, therefore, should have been additionally awarded attorney fees pursuant to paragraph 20 of the sales agreement. However, the court held that despite its interpretation of Spencer's contractual right to attorney fees, it could not overturn the arbitration award due to the rule stated in Perkins Restaurants Operating Co. v. Van Den Bergh Foods, Co., 276 Ill. App. 3d 305, 311, 657 N.E.2d 1085, 1089 (1995), that "[a]s long as the arbitrators' interpretation of the agreement is a reasonably possible

one, courts will not set aside the award. *** A court is not empowered to overturn or change an arbitration award even if a court would have reached a different conclusion ***." The court noted that Perkins was factually indistinguishable and determined that it was, therefore, bound by *stare decisis* to dismiss Spencer's complaint.

On appeal, Spencer contends that circuit court erred in dismissing count I of her complaint on the basis of *stare decisis* because Perkins is, in fact, distinguishable from the instant case. Spencer also contends that even if we do not distinguish the facts of Perkins from those in this case, we should, nevertheless, choose not to follow that case on public policy grounds. Ryland contends that the circuit court was correct to dismiss the case because there was no gross mistake of fact or law appearing on the face of the arbitration award. Ryland also contends that Spencer was not entitled to attorney fees because she did not qualify as a prevailing party.

We note that the record on appeal and the parties' briefs mention Spencer's claims under the ECOA (15 U.S.C. §1691(b) (2000)) and the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.* (West 1998)). However, because Spencer states in her reply brief that she is not pursuing these claims on appeal, we need not address them.

## II. ANALYSIS

A motion to dismiss under section 2-615 of the Code (735 ILCS 2-615 (West 2004)) challenges the legal sufficiency of the complaint by alleging defects on its face. City of Chicago v. Beretta U.S.A. Corp., 213 Ill. 2d 351, 364, 821 N.E.2d 1099, 1110 (2004). We review *de novo* the dismissal of a complaint under section 2-615. Wakulich v. Mraz, 203 Ill. 2d 223, 228,

No. 1-05-1332

785 N.E.2d 843, 846 (2003). In reviewing the sufficiency of a complaint, we accept as true all well-pleaded facts and all reasonable inferences that may be drawn from those facts. Jarvis v. South Oak Dodge, Inc., 201 Ill. 2d 81, 86, 773 N.E.2d 641, 645 (2002). In addition, we construe the allegations in the complaint in a light most favorable to the plaintiff. Wakulich, 203 Ill. 2d at 228, 785 N.E.2d at 846.

Courts encourage the settlement of disputes by arbitration and judicial review of arbitration awards is, accordingly, far more restricted than appellate review of a trial court's decision. Garver v. Ferguson, 76 Ill. 2d 1, 8-9, 389 N.E.2d 1181, 1183-84 (1979). Indeed, whenever possible, courts should construe an arbitration award in a manner that upholds its validity. Rauh v. Rockford Products Corp., 143 Ill. 2d 377, 386, 574 N.E.2d at 641 (1991). Even where an arbitrator commits gross errors of judgment in law or a gross mistake of fact, a court should not vacate an arbitration award unless the mistakes or errors are apparent on the face of the arbitration award. Rauh, 143 Ill. 2d at 393, 574 N.E.2d at 644. However, an arbitrator does not have authority to ignore the plain language of the contract or to interpret unambiguous contract language. Shearson Lehman Brothers, Inc. v. Hedrich, 266 Ill. App. 3d 24, 29, 639 N.E.2d 228, 232 (1994). The Act describes the specific grounds on which a court can vacate an arbitration award. See 710 ILCS 5/12(a) (West 2004). Specifically, as relevant to this case, section 12(a)(3) provides that a court can vacate an arbitration award where "[t]he arbitrators exceed[] their powers." 710 ILCS 5/12(a)(3) (West 2004).

Spencer contends that the arbitrator here exceeded his powers by disregarding the plain language of the sales contract that the "non-prevailing party" would pay "all reasonable costs,

5

attorney's fees and expenses incurred by the prevailing party."  In that regard, Spencer contends that because the arbitrator awarded her the $6,000 in earnest money she requested along with interest, and because the arbitrator assessed the costs of the arbitration to Ryland, she must be considered the prevailing party.  Therefore, according to Spencer, the arbitrator exceeded his powers by ignoring the clear mandate of the sales agreement that the prevailing party be awarded attorney fees.  As noted, the circuit court essentially agreed that Spencer was the prevailing party and should have been awarded attorney fees but, nevertheless, determined that the precedent set in Perkins required that the arbitration award stand.

In Perkins, the plaintiff restaurant purchased a used bakery oven from defendant. Perkins, 276 Ill. App. 3d at 307, 657 N.E.2d at 1086.  As part of the transaction, the parties agreed to arbitrate any disputes that arose between them and that, if a dispute did occur, the nonprevailing party would pay any attorney fees incurred by the prevailing party.  Perkins, 276 Ill. App. 3d at 307, 657 N.E.2d at 1086.  Specifically, the contract stated at section 8.16: " 'In the event either party must take action to enforce any term of this Agreement, the non-prevailing party shall reimburse the prevailing party for any costs it incurs in such enforcement action, including reasonable attorney fees and court costs, whether or not a lawsuit is filed.' "  (Emphasis omitted.) Perkins, 276 Ill. App. 3d at 307, 657 N.E.2d at 1086.  The agreement did not define the term "prevailing party."  Plaintiff subsequently brought claims against defendant at an arbitration for breach of contract, breach of express and implied warranty, fraud and negligent misrepresentation in violation of the Tennessee Consumer Protection Act.  Perkins, 276 Ill. App. 3d at 307, 657 N.E.2d at 1087.  Plaintiff sought $428,911 in specific damages and over $1

million in total damages. Defendant "counterclaimed," requesting the arbitration panel to reform the contract to reflect that it was "as is" in nature. Perkins, 276 Ill. App. 3d at 307, 657 N.E.2d at 1087.

Arbitration proceedings were held over a period of five days and, on the last day, the arbitration panel asked the parties to provided additional briefs regarding the meaning of the words "prevailing party" and "non-prevailing party" as used in section 8.16 of the agreement. Perkins, 276 Ill. App. 3d at 307, 657 N.E.2d at 1087. After both parties submitted briefs, the arbitration panel ordered defendant to pay plaintiff $10,000 and denied defendant's counterclaim. Perkins, 276 Ill. App. 3d at 306, 657 N.E.2d at 1087. As to fees and costs, the panel stated: " 'Neither attorneys' fees nor costs shall be reimbursed by either party to the other in this matter based on the terms and conditions of section 8.16 of the [agreement]. Therefore, each party shall bear its own legal fees and costs.' " Perkins, 276 Ill. App. 3d at 308, 657 N.E.2d at 1087. Lastly, the panel stated: " 'This Award is in full settlement of all claims and counterclaims submitted to this arbitration.' " Perkins, 276 Ill. App. 3d at 308, 657 N.E.2d at 1087. The circuit court denied plaintiff's application to modify or vacate the award. Perkins, 276 Ill. App. 3d at 306, 657 N.E.2d at 1086.

On appeal, plaintiff argued that the arbitrators exceeded their powers by failing to award fees as provided in section 8.16. Perkins, 276 Ill. App. 3d at 307, 657 N.E.2d at 1087. Plaintiff contended that the term "prevailing party" was unambiguous and that the fact that it was awarded $10,000 clearly meant that it qualified as the "prevailing party." Perkins, 276 Ill. App. 3d at 307, 657 N.E.2d at 1087. The appellate court first discussed the strong policy favoring the finality of

No. 1-05-1332

arbitration, noting:

> "If *** the [arbitration] award is within the submission and contains the honest
> decision of the arbitrators, after a full and fair hearing, a court will not set it aside
> for errors of fact or law. (Rauh, 143 Ill. 2d at 394-95.) 'A court may not set aside
> an arbitration award merely because the court would have reached a different
> result.' [Water Pipe Extension, Bureau of Enginerring Laborers' Local Union 1092
> v. City of Chicago, 238 Ill. App. 3d 43, 46, 592 N.E.2d 483 (1992)]." Perkins,
> 276 Ill. App. 3d at 310, 657 N.E.2d at 1089.

The court then affirmed the circuit court:

> "The fee decision by the arbitrators is presumed valid and cannot be
> vitiated by even gross mistakes in law. As long as the arbitrators' interpretation of
> the agreement is a reasonably possible one, courts will not set aside the award.
> Here, the arbitrators, after being fully briefed on the issue by both parties,
> determined that neither party was entitled to attorney fees. A court is not
> empowered to overturn or change an arbitration award even if a court would have
> reached a different conclusion from the language of section 8.16 and the legal
> definitions advanced. Section 8.16 was properly present to and conclusively
> decide by the arbitration panel." Perkins, 276 Ill. App. 3d at 311, 657 N.E.2d at
> 1089.

While acknowledging that the cost and fee provision in Perkins is virtually identical to
that in this case, Spencer nevertheless contends that Perkins is distinguishable. Spencer first

8

points out that the arbitrators in <u>Perkins</u> made an express determination that neither party was entitled to attorney fees or costs, while, here, the arbitrator made no reference whatsoever to attorney fees in his award. Spencer also points out that, in <u>Perkins</u>, the arbitrators specifically asked the parties to address the meaning of "prevailing party." Thus, the <u>Perkins</u> arbitration panel's subsequent denial of costs and fees amounted to a tacit determination that, despite its $10,000 award to plaintiff, neither party qualified as a prevailing party. In contrast, Spencer points out that, here, the arbitrator never requested guidance regarding the meaning of "prevailing party." Moreover, Spencer contends that the arbitrator in this case must have considered her the prevailing party because he awarded her the $6,000 she requested as well as the costs of the arbitration. In that regard, Spencer further points out that in <u>Perkins</u>, plaintiff sought over $1 million and was awarded only $10,000, while, here, Spencer was awarded the full amount she requested as a refund of her earnest money, but was merely denied additional compensation for her inconvenience and punitive damages.

While we agree that <u>Perkins</u> is factually distinguishable for the reasons Spencer points out, there is a remarkably greater, dispositive difference between <u>Perkins</u> and the instant case. In <u>Perkins</u>, the arbitration panel determined that neither party qualified as the "prevailing party" and, accordingly, awarded neither party costs or attorney fees. Thus, regardless of whether a court would agree with those arbitrators' determination of who could qualify as a "prevailing party," the arbitration award was consistent with the contract, which required that the prevailing party be reimbursed for costs and fees, and was, therefore, not subject to vacature. See <u>Rauh</u>, 143 Ill. 2d at 393, 574 N.E.2d at 644. In contrast, here, the arbitrator awarded Spencer the costs

of arbitration as indicated by paragraph 20 but did not, correspondingly, award her attorney fees as required by that very same contractual provision.

As noted, the parties' sales agreement stated that the "non-prevailing party" would pay "reasonable costs, attorney's fees or expenses incurred by the prevailing party." This provision is the basis for both costs and fees. The provision does not distinguish or leave room for any distinction to be made with respect to costs, as opposed to fees. It is an all or nothing provision. Either one prevails and therefore becomes entitled to fees, as well as costs, or does not prevail and is therefore not entitled to either costs or fees. Under this sales agreement, there is no basis whatsoever upon which to provide for the one without also providing for the other. See Perkins, 276 Ill. App. 3d at 311, 657 N.E.2d at 1089 ("As long as the arbitrators' interpretation of the agreement is a reasonably possible one, courts will not set aside the award"); Inter-City Gas Corp. v. Boise Cascade Corp, 845 F.2d 184, 187 (8th Cir. 1988) ("the arbitrator may not disregard or modify unambiguous contract provisions. [Citation.] If the arbitrator 'interprets unambiguous language in any way different from its plain meaning, [the arbitrator] amends or alters the agreement and acts without authority.' [Citation.]").

However, the arbitrator awarded costs and denied attorney fees, blatantly ignoring the undisputable fact that under the sales agreement the award of fees and costs travel in tandem, without any basis for differentiation. If a party is deemed to be the prevailing party so as to meet the award of costs, he *ipso facto* is the prevailing party for fees as well. Thus, the award shows on its face that the arbitrator was not attempting to follow the sales agreement, but was simply imposing his own compromise arbitrarily, without the semblance of contractual authorization.

10

No. 1-05-1332

See <u>Shearson</u>, 266 Ill. App. 3d at 29, 639 N.E.2d at 232, quoting <u>Inter-City</u>, 845 F.2d at187-88 ("The ultimate award must be 'grounded on the parties' contract' and arbitrators do not have the authority to ignore plain language and alter the agreement"); <u>Rauh</u>, 143 Ill. 2d at 391-92, 574 N.E.2d at 643, quoting M. Pirsig, Some Comments on Arbitration Legislation and the Uniform Act, 10 Vand. L. Rev. 685, 706 (1957) (" '[T]he question for the court is whether the construction of the contract made by the arbitrator is a reasonably possible one that can seriously be made ***. Stated affirmatively, if all fair and reasonable minds would agree that the construction of the contract made by the arbitrator was not possible under a fair interpretation of the contract, then the court would be bound to vacate or refuse to confirm the award' ").

Ryland, nevertheless, contends that, like in <u>Perkins</u>, Spencer is not entitled to attorney fees because she was not the prevailing party. Specifically, Ryland contends that Spencer cannot be considered the prevailing party because the arbitration award simply returned the parties to the same position they were in prior to the sales agreement without awarding Spencer any additional compensation. The dissent in this case makes a similar averment, that although Spencer prevailed in obtaining the return of her earnest money, she did not prevail in her claims for compensatory and punitive damages. In that regard, the dissent avers that since both parties won and lost claims – Ryland winning in the sense that it did not have to pay compensatory or punitive damages – neither party could be considered the prevailing party.

While we note that several courts have defined "prevailing party" in such a way that would clearly include Spencer (see <u>Grossinger Motorcorp, Inc. v. American National Bank & Trust Co.</u>, 240 Ill. App. 3d 737, 753, 607 N.E.2d 1337, 1348 (1992) ("A party can be considered

11

a 'prevailing party' for the purposes of awarding fees when he is successful on any significant issue in the action and achieves some benefit in bringing suit [citation] *** or by obtaining an affirmative recovery. [Citation.]"); see also J.B. Esker & Sons, Inc. v. Cle-Pa's Partnership, 325 Ill. App. 3d 276, 280-81, 757 N.E.2d 1271 (2001); Kel-Keef Enterprises, Inc. v. Quality Components Corp., 316 Ill. App. 3d 998, 1021, 738 N.E.2d 524 (2000)), the inconsistency in the instant arbitration award ultimately makes that determination irrelevant to our analysis. As noted, it appears that the arbitrator considered Spencer the prevailing party since he awarded her $6,000 as a refund of her earnest money as well as the costs of arbitration. Thus, considering Spencer the prevailing party, the arbitrator's failure to award attorney fees was inconsistent with the parties' agreement to award *both* costs and fees to the prevailing party. However, even if the arbitrator did not consider Spencer the prevailing party, the award would similarly be inconsistent with the parties' agreement in that it would have then, in contradiction to paragraph 20, provided costs to a nonprevailing party. Thus, although in the context of arbitration, the determination of whether a party can be said to have prevailed may well be solely within the arbitrator's purview without being subject to review by a court, the dispositive question here is not whether Spencer prevailed, but whether the arbitrator exceeded his powers by ignoring the clear language of the parties' contract. As noted, since the arbitrator awarded costs pursuant to the parties' sales agreement, he was acting outside of his authority in not also awarding attorney fees. See Shearson, 266 Ill. App. 3d at 29, 639 N.E.2d at 232; Inter-City, 845 F.2d at 187-88.

The dissent, however, contends that there is no error apparent on the face of the arbitration award because paragraph 20 of the sales agreement can be read in such a way as to

12

apply solely to "attorney fees," "attorney cost" and "attorney expenses," but not to arbitration costs. The dissent further contends that since such a reading is plausible, the sales agreement is ambiguous and, therefore, can only be interpreted by the arbitrator. See Nagle v. Nadelhoffer, Nagel, Kuhn, Mitchell, Moss & Saloga, P.C., 244 Ill. App. 3d 920, 930, 613 N.E.2d 331, 338 (1993) ("The arbitrator, not the court, is the entity designated to interpret ambiguities in the contract"), citing Donaldson, Lufkin & Jenrette Futures, Inc. v. Barr, 124 Ill. 2d 435, 448, 530 N.E.2d 439 (1988). We disagree; paragraph 20 is not ambiguous.

As noted, paragraph 20 of the sales agreement states in its entirety: "Attorneys' Fees and Costs. The nonprevailing party in any proceeding to enforce or contest any provision(s) of the Agreement of Sale shall pay all reasonable costs, attorney's fees and expenses incurred by the prevailing party." When read out of context, the title of this paragraph, by itself, could conceivably conform to the interpretation the dissent suggests, that, with regard to costs, only *attorney's* costs are invoked to the exclusion of any other type of costs. However, there is no conceivable way that such an interpretation could be imposed on the substantive body of that paragraph. The paragraph first refers to "all reasonable costs," and only then refers to "attorney's fees." Thus, the costs anticipated by this paragraph are not limited to those specifically involving an attorney. Rather, the paragraph clearly imparts that *all* costs are to be paid to the prevailing party by the nonprevailing party with the sole qualification on those costs being that they are reasonable. This reading comports with the plain language of the paragraph as well as with the rest of the contract (see generally 11 R. Lord, Williston on Contracts §§32:3, 32:4, 408-20 (4th ed. 1999)); the dissent's interpretation does not.

13

### III. CONCLUSION

Having determined that the arbitrator's award in this case is facially inconsistent with the unambiguous language of the parties' contract, we need not address Spencer's additional public policy arguments. For the foregoing reasons, we reverse and remand for proceedings consistent with this opinion.

Reversed and remanded.

McBRIDE, J. concurs.

JUSTICE CAHILL, dissenting:

I respectfully dissent.

The majority concludes that error is apparent on the face of the award because the arbitrator assessed arbitration costs but not attorney fees. This is correct if paragraph 20 of the agreement is read to govern not only attorney fees, costs and expenses but arbitration costs as well. But paragraph 20 can be read as governing only "attorney fees," "attorney costs" and "attorney expenses," not arbitration costs. Paragraph 10 of the agreement, which addresses the topic of "Arbitration," imposes no restrictions on how an arbitrator is to determine arbitration costs. Nor does paragraph 10 mention prevailing or nonprevailing parties. It is not unreasonable, in reading paragraphs 10 and 20 together, to conclude that the arbitrator must assess the costs, expenses and fees of attorneys to the prevailing party but has no constraints on the assignment of arbitration costs.

I am not suggesting that this reading is as sophisticated as that tendered by the majority; only that the language of the contract permits both readings and the possibility that an arbitrator

15

could find an ambiguity within the agreement itself. Where there is ambiguity in a contract with an arbitration clause, the arbitrator is designated to interpret the ambiguity. Nagle, 244 Ill. App. 3d at 930, citing Donaldson, Lufkin & Jenrette Futures, Inc. v. Barr, 124 Ill. 2d 435, 448, 530 N.E.2d 439 (1988). If this is so, the arbitrator's decision to assess arbitration costs but not attorney fees is not facially inconsistent. The arbitrator was free to interpret the ambiguous contract as long as reasonable minds could agree and there were no gross errors of law or fact. See Rauh v. Rockford Products Corp., 143 Ill. 2d 377, 393, 574 N.E.2d 636 (1991)..

Perkins Restaurants Operating Co. v. Van Den Bergh Foods Co., 276 Ill. App. 3d 305, 657 N.E.2d 1085 (1995), is factually and legally analogous to this case. In both, a sales agreement between the parties provided that disputes would be submitted to binding arbitration and that the nonprevailing party would reimburse the prevailing party for attorney fees. In both, the arbitrators made a monetary award to the plaintiff but did not designate either party as the prevailing party. In neither case did the arbitrators award attorney fees to either party. There, as here, the plaintiff appealed, maintaining that, as the prevailing party, it was entitled to attorney fees on the grounds that the arbitrators exceeded their powers by failing to award attorney fees according to the agreement. In both cases, the plaintiffs received some but not all of the money they sought. Spencer cannot distinguish Perkins by arguing that, with the return of her earnest money, she must be considered the prevailing party because she received all the relief she sought. In fact, just as the plaintiff in Perkins, she did not receive all the relief she sought.

Here, Spencer prevailed in her pursuit of her earnest money and arbitration costs but lost on her claims for compensatory and punitive damages. Ryland prevailed in that it was not

required to pay Spencer compensatory or punitive damages but was defeated in its effort to keep Spencer's earnest money as damages for default. Both parties won and lost on claims. Under the reasoning in Perkins, neither Spencer nor Ryland was the prevailing party. Perkins, 276 Ill. App. 3d at 311.

"A court is not empowered to overturn or change an arbitration award even if a court would have reached a different conclusion from the language of [the agreement] and the legal definitions advanced." Perkins, 276 Ill. App. 3d at 311. The majority and I agree that our review of the record should be informed by Rauh and Perkins. If "we find that the arbitrator's interpretation of the *** contract is a reasonably possible one that can seriously be made within the context in which [the parties] entered the contract" (Rauh, 143 Ill. 2d at 392), we should affirm. The majority relies on the same language to reverse. But the majority analysis, as sound as it is, strikes me as *de novo*, with little sympathy for the deference we are asked to accord a "reasonably possible" interpretation of the arbitrator.

The judgment of the circuit court, rendered reluctantly but correctly in adherence to Perkins, should be affirmed.