JUSTICE CAHILL, dissenting: I respectfully dissent. The majority concludes that error is apparent on the face of the award because the arbitrator assessed arbitration costs but not attorney fees. This is correct if paragraph 20 of the agreement is read to govern not only attorney fees, costs and expenses but arbitration costs as well. But paragraph 20 can be read as governing only “attorney fees,” “attorney costs” and “attorney expenses,” not arbitration costs. Earagraph 10 of the agreement, which addresses the topic of “Arbitration,” imposes no restrictions on how an arbitrator is to determine arbitration costs. Nor does paragraph 10 mention prevailing or non-prevailing parties. It is not unreasonable, in reading paragraphs 10 and 20 together, to conclude that the arbitrator must assess the costs, expenses and fees of attorneys to the prevailing party but has no constraints on the assignment of arbitration costs. I am not suggesting that this reading is as sophisticated as that tendered by the majority; only that the language of the contract permits both readings and the possibility that an arbitrator could find an ambiguity within the agreement itself. Where there is ambiguity in a contract with an arbitration clause, the arbitrator is designated to interpret the ambiguity. Nagle, 244 Ill. App. 3d at 930, citing Donaldson, Lufkin & Jenrette Futures, Inc. v. Barr, 124 Ill. 2d 435, 448, 530 N.E.2d 439 (1988). If this is so, the arbitrator’s decision to assess arbitration costs but not attorney fees is not facially inconsistent. The arbitrator was free to interpret the ambiguous contract as long as reasonable minds could agree and there were no gross errors of law or fact. See Rauh v. Rockford Products Corp., 143 Ill. 2d 377, 393, 574 N.E.2d 636 (1991). Perkins Restaurants Operating Co. v. Van Den Bergh Foods Co., 276 Ill. App. 3d 305, 657 N.E.2d 1085 (1995), is factually and legally analogous to this case. In both, a sales agreement between the parties provided that disputes would be submitted to binding arbitration and that the nonprevailing party would reimburse the prevailing party for attorney fees. In both, the arbitrators made a monetary award to the plaintiff but did not designate either party as the prevailing party. In neither case did the arbitrators award attorney fees to either party. There, as here, the plaintiff appealed, maintaining that, as the prevailing party, it was entitled to attorney fees on the grounds that the arbitrators exceeded their powers by failing to award attorney fees according to the agreement. In both cases, the plaintiffs received some but not all of the money they sought. Spencer cannot distinguish Perkins by arguing that, with the return of her earnest money, she must be considered the prevailing party because she received all the relief she sought. In fact, just as the plaintiff in Perkins, she did not receive all the relief she sought. Here, Spencer prevailed in her pursuit of her earnest money and arbitration costs but lost on her claims for compensatory and punitive damages. Ryland prevailed in that it was not required to pay Spencer compensatory or punitive damages but was defeated in its effort to keep Spencer’s earnest money as damages for default. Both parties won and lost on claims. Under the reasoning in Perkins, neither Spencer nor Ryland was the prevailing party. Perkins, 276 Ill. App. 3d at 311. “A court is not empowered to overturn or change an arbitration award even if a court would have reached a different conclusion from the language of [the agreement] and the legal definitions advanced.” Perkins, 276 Ill. App. 3d at 311. The majority and I agree that our review of the record should be informed by Rauh and Perkins. If “we find that the arbitrator’s interpretation of the *** contract is a reasonably possible one that can seriously be made within the context in which [the parties] entered the contract” (Rauh, 143 Ill. 2d at 392), we should affirm. The majority relies on the same language to reverse. But the majority analysis, as sound as it is, strikes me as de novo, with little sympathy for the deference we are asked to accord a “reasonably possible” interpretation of the arbitrator. The judgment of the circuit court, rendered reluctantly but correctly in adherence to Perkins, should be affirmed.